RUPP & WITTGENFELD CO. v. ELLIOTT et al.

(Circuit Court of Appeals, Sixth Circuit. May 9, 1904.)

No. 1,254.

**1. PATENTS—CONDITIONAL LICENSE TO USERS—CONTRIBUTORY INFRINGEMENT.**

It is within the right of the owner of patents for machines used by retail dealers to fasten buttons on shoes for customers to furnish such machines to users, without charge, under a license which permits their use only with wire purchased from such owner; and one who, with knowledge of such restriction, manufactures and sells to such users wire put up on spools in the exact form required for use on such machines, and which is suitable for no other use, with the intention that it shall be used on such machines, is liable as a contributory infringer.

**2. SAME—SUIT FOR INFRINGEMENT—JURISDICTION.**

A suit which raises a question of infringement is one arising under the patent law, and the fact that the patentee may also have a remedy by action for breach of contract does not defeat the jurisdiction.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

Frederick E. Niederhelman (Lewis M. Hosea, of counsel), for appellant.

Taggart, Dennison & Wilson, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This is a bill to restrain contributory infringement of patents Nos. 408,700, 526,012, and 552,869, issued to the complainant W. E. Elliott for improvement in machines for attaching buttons to shoes. The Elliott button fastening machines are intended for use by retail shoe dealers in setting or resetting buttons upon shoes sold to customers. The bill avers that these machines are "adapted and intended to take a coil of continuous wire, feed the same to a convenient point in the machine, sever a section of the wire therefrom, construct and form a staple through the eye of a shoe button, and drive the staple, or the prongs thereof, through the leather of the shoe, and clinch the same in position, * * * all by one stroke or operation of the machine. * * * That it was necessary to use wire of a certain size, and a certain temper or color, and coiled or put up in packages so shaped as to be received into the appropriate part of the machine." Machines according to these patents are made by the complainant the Elliott Machine Company, but are never sold, but placed in the hands of users under a license to use only in connection with staple wire purchased from the patentee. Every machine carries a metal inscription indicating that the patentees retain the title, and consent only to this restricted use. It is averred that the owners of the patent thus limit their own compensation to the profit upon the wire used in forming staples. It is averred that more than 6,000 machines have been thus placed in the hands of retail shoe dealers within the United States, and all of them conditioned in use as stated above. The

¶ 1. See Patents, vol. 38, Cent. Dig. § 402.

bill charges that the defendants, with knowledge of this method of business, and that the mechanism embodying the Elliott inventions could only be lawfully used with the wire procured from the Elliott Company, "have continuously been engaged for several years past, and are now engaged, in selling, from time to time, to the said users of the Elliott machines, and for the purpose and with the express intent that the same shall be used upon the said Elliott machines, wire put up in spools or coils, and not furnished by the Elliott Company; that the wire so sold by the defendants to the users of the Elliott machines has been and is put up on spools or coils of the exact form, size, and shape suitable for use upon the Elliott machines, *and suitable for no other use*," etc.    To this bill the defendants filed a demurrer for want of equity.    District Judge Thompson, upon the authority of the opinion of this court in Heaton-Peninsular Button Fastener Co. v. Eureka Specialty Co., 77 Fed. 288, 25 C. C. A. 267, 35 L. R. A. 728, overruled the demurrer, with leave to answer.    An answer was filed, but, by leave of the court, withdrawn; the defendants preferring to stand upon their demurrer.    Thereupon a decree by default was entered, and the defendants perpetually enjoined from selling wire to the users of such machines, intended and adapted to be used in the manner described in the bill of complaint.

That the complainants were entirely within the boundary of their patent rights in permitting the use of their invention only in connection with wire sold by themselves is not an open question in this court. The conditions imposed upon users of the Elliott machines are substantially those sustained in Heaton-Peninsular Button Fastener Co. v. Eureka Specialty Co., 77 Fed. 288, 25 C. C. A. 267, 35 L. R. A. 728. The nature and limits of the monopoly acquired by a patentee were there thrashed out, and every aspect of the subject presented by the briefs of counsel for the appellants is dealt with in that opinion. That aspect of the question has since been before the Supreme Court, and the general view of this court, as expressed in that opinion, approved, in Bement v. National Harrow Co., 186 U. S. 70, 91, 22 Sup. Ct. 747, 46 L. Ed. 1058.    After referring to certain limitations upon the rights of a patentee growing out of the police power of the state, referred to in the opinion of this court, Justice Peckham, speaking for the Supreme Court, concludes a discussion of the right of the patentee to impose such conditions as he may elect by saying:

"Notwithstanding these exceptions, the general rule is absolute freedom in the use or sale of rights under the patent laws of the United States.    The very object of these laws is monopoly, and the rule is, with few exceptions, that any conditions which are not in their nature illegal, with regard to this kind of property, imposed by the patentee, and agreed to by the licensee, for the right to manufacture or use or sell the article, will be upheld by the courts. The fact that the conditions in the contracts keep up the monopoly or fix prices does not render them illegal."

Heaton-Peninsular Button Fastener Co. v. Eureka Specialty Co. has also been approved by the Circuit Courts of Appeals of the Second and Seventh Circuits (Cortelyou v. Lowe, 111 Fed. 1005, 49 C. C. A. 671; Victor Talking Machine Co. v. The Fair [C. C. A.] 123 Fed. 424, 426), and by Judge Lowell in Tubular Rivet & Stud Co. v. O'Brien (C. C.) 93 Fed. 200, and Edison Phonograph Co. v. Pike (C. C.) 116 Fed. 863, 867.

It is equally clear that the averments of the present bill bring the case fully within the authority of Heaton-Peninsular Button Fastener Co. v. Eureka Specialty Co., in respect to the contributory infringement by the defendants. The insistence that the opinion of this court in respect to the doctrine of contributory infringements, as applied to cases of the type of that before us, is in conflict with Morgan Envelope Co. v. Albany Perforated Paper Co., 152 U. S. 430, 14 Sup. Ct. 627, 38 L. Ed. 500, presents no new aspect of that case for consideration. The broad difference between the effect of licensing a machine to be used only with a certain article, or for a special purpose, or in a particular place, and the sale outright of a machine with an "understanding" that an article made an element of the patent, which it was the object of the mechanism to deliver and destroy in delivering, should be supplied only by the patentee, is emphasized not only in that opinion, but again in Thomson-Houston Electric Co. v. Ohio Brass Co., 80 Fed. 712, 26 C. C. A. 107, where the opinion was by Judge Taft. The use of an invention in violation of the restrictions and conditions imposed by the patentee upon his licensee is a use prohibited, and a defiance of the monopoly reserved by the patentee. It is necessarily an unlawful and prohibited use of the invention, and an invasion of the patentee's rights, in every sense of the term. An action which raises a question of infringement is an action arising under the patent law. That the patentee may have a remedy for breach of contract, also, does not defeat the jurisdiction. This, too, we decided in Heaton-Peninsular Button Fastener Co. v. Eureka Specialty Co. The same question arose in the Seventh Circuit Court of Appeals in Victor Talking Machine Co. v. The Fair (C. C. A.) 123 Fed. 424. In that case the talking machines were sold to jobbers subject to the conditions that they should not be resold at less than a price named, and an inscription was placed upon each instrument giving notice that the patentee licensed the sale or use "only when sold at a price not less," etc. The court held that a sale in violation of this condition was an infringement. No question of contributory infringement arose in the case.

The mere sale of wire which might be used in the Elliott machines, or for some other noninfringing use, would by no means constitute the appellants infringers. It is the sale of wire adapted to the infringing use, with the intent and purpose that it shall be so used, which constitutes contributory infringement. It is the intent and purpose to aid and assist in bringing about an infringement which is the essence of the tort. In Loew Filter Co. v. German-American Filter Co., 107 Fed. 949, 950, 47 C. C. A. 94, this court, speaking through Judge Severens, said that the making and selling of certain filters "adapted to and intended, as they were, for no other use than filtering beer or similar fluids, should be held as contributing to such use by brewers, and as standing in the same liability as the parties actually using them." In Thomson-Houston Electric Co. v. Ohio Brass Co., 80 Fed. 712, 721, 26 C. C. A. 107, 116, Judge Taft, speaking for this court, said:

"It is well settled that, when one makes and sells one element of a combination patent with the intention and for the purpose of bringing about its use in such a combination, he is guilty of contributory infringement, and is equally liable to the patentee with him who in fact organizes the complete combination."

The intent that the article sold shall be used in an infringing way must be made out. In the case last cited it was said that an infringing intent "is a matter of certain inference from the circumstances that the parts sold can only be used in the combinations patented." It was added:

"Of course, such an inference could not be drawn, had the articles, the sale or offering of which was the subject of complaint, been adapted to other uses than in the patented combination. In the latter case the intention to assist in infringement must be otherwise shown affirmatively, and cannot be inferred from the mere fact that the articles are in fact used in the patented combination, or may be so used."

This case was followed and approved in Bullock Co. v. Westinghouse Co. (decided by this court March 8, 1904, and not yet officially reported) 129 Fed. 105. The averment of the bill that the defendants, "with full knowledge of the exclusive rights of the complainants as aforesaid," refers very obviously to complainant's "exclusive rights" to supply coils of staple wire to be used in connection with their invention. An exclusive right to so supply wire was the subject of the preceding paragraph. It is then averred and charged that the defendants have been engaged "in selling, from time to time, *to the said users* of the Elliott machines, and for the purpose *and with the express intent that the same shall be used* upon the Elliott machines, wire put up in spools or coils, and not furnished by the Elliott Machine Company," and that said wire so furnished and sold to the users of such machines "is put up on spools or coils of the exact form, shape, size, color, and appearance of the spools or coils furnished by the Elliott Company, and of the exact form, shape, and size suitable for use upon the Elliott machines, *and suitable for no other use.*" (The italics throughout the opinion are ours.) Thus the averments are that the wire sold by defendants is, in the manner in which it is put up, in its size, color, and temper, especially adapted to use in the Elliott machines, and that *"it is suitable for no other use."* If this is true—and, for the purposes of a hearing upon the bill and demurrer, an averment of fact must be taken to be true—then the intent that the spools of wire sold by defendants shall be used in an infringing way is made out. But the bill goes further, and affirmatively charges that the sales so made to users have been made with "the purpose and with the express intent that the same shall be used upon the said machines," etc. The necessary averments to make out a selling and offering for sale of an article for use in connection with the Elliott machines, which is a prohibited and infringing use, could hardly be stated more distinctly. No other inference is reasonable than that if the defendants, as alleged, have for years been engaged in selling wire suitable only for use in Elliott machines, and with the intent that it should be used upon such machines, it has been so used as intended. But to still further strengthen this certain inference, the bill adds that some users of the machines "have purchased wire from the defendants, supposing and believing it to be the genuine wire furnished by the Elliott Machine Company." But it is not essential that there shall have been any actual infringement, in order to entitle a complainant to an injunction. The selling and offering for sale with the intent and purpose to bring about an infringement are enough to entitle com-

plaintant to an injunction to prevent the threatened injury. Thomson-Houston Electric Co. v. Kelsey Electric Ry. Co., 75 Fed. 1005, 1008, 22 C. C. A. 1; Thomson-Houston Electric Co. v. Ohio Brass Co., 80 Fed. 712, 722, 26 C. C. A. 107; Wallace v. Holmes, 29 Fed. Cas. 79. Every offer to sell, to the users of such machines, coils or spools of wire suitable only for use in such machines, with knowledge of the limited license of the users, and with the intent that the article shall be used in such a way as to defy the terms of the license, is a proposal for a concert of action in bringing about an infringement. The conclusion we reach is that the averments of the bill make a case so closely identical with that presented in Heaton-Peninsular Button-Fastener Co. v. Eureka Specialty Co. as to require identical judgments.

The decree is accordingly affirmed.