VICTOR TALKING MACH. CO. et al. v. LEEDS & CATLIN CO.

(Circuit Court, S. D. New York. January 5, 1907.)

PATENTS—CONTRIBUTORY INFRINGEMENT—VIOLATION OF INJUNCTION.

The sale, by a defendant which has been enjoined from infringing a patent for a sound-producing apparatus of a talking machine, of records which are capable of use with the other elements of the patented apparatus, and which are intended to be and are so used by purchasers of such apparatus from complainant, constitutes a contributory infringement and a violation of the injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 400-402.

Contributory infringement of patent, see note to Edison Electric L. Co. v. Peninsular Light, P. & H. Co., 43 C. C. A. 485.]

In Equity. On motion to punish for contempt for violation of injunction.

See 146 Fed. 534.

Horace Pettit, for complainant.
Louis Hicks, for defendant.

LACOMBE, Circuit Judge. Aside from any other questions arising upon this motion as to disobedience of injunction order, I am entirely satisfied from the proofs that defendant, not only in the instances set forth in complainant's moving papers, but in very many other instances, has manufactured and sold the records of claim 35 with the intent that they should be used in combination with the other elements of that claim in machines other than "mechanical feed." Indeed, it is difficult to escape the conviction that the larger part of defendant's sales were contrived by it to enable the owners of reproducers purchased from complainant or its licensees to produce such musical pieces as such owners might desire to hear, through the co-operation, in combination with such reproducers, of records made by defendant, instead of records made by complainant. No effort to restrict the use to which defendant's disks should be put by notice on their face or otherwise was made until after motion, and the affidavits are not as satisfying as they might be that such notice has since been affixed; and such notice might fairly go further and advise the purchasers that to use it on one of complainant's machines would make the user an infringer.

This seems to be a case of contributory infringement—an entirely voluntary and intentional one, not in any wise excused by the circumstances that complainant had theretofore sold reproducers combined with other records to such owners. Am. Graph. Co. v. Leeds (C. C.) 87 Fed. 873. Nor is the substitution of these new records, bought more frequently in order to increase the repertory of tunes than as substitutes for worn-out disks, and wholly unlike the toilet-paper in Morgan Envelope Case (which was destroyed by a single use), in any legitimate sense "repairs." See Davis Electrical Works v. El. Light Co. 60 Fed. 276, 8 C. C. A. 615. Nor is the advice of counsel a sufficient excuse, although, where it has been honestly relied upon, a heavy penalty will not usually be imposed, but only a sum sufficient to

reimburse the moving party and act as a deterrent from future infringing actions.

Defendant is found in contempt, and fine imposed of $1,000, one-half to United States and one-half to complainant. Collection will be suspended pending appeal.