ÆOLIAN CO. v. HARRY H. JUELG CO.

(Circuit Court of Appeals, Second Circuit. May 3, 1907.)

PATENTS—CONTRIBUTORY INFRINGEMENT—PRELIMINARY INJUNCTION.

    A preliminary injunction to restrain contributory infringement of patents covering a piano player by the sale to purchasers of such players of music rolls to be used therewith, in violation of the license contracts under which the instruments were sold by complainant, *held* properly granted, although the rolls made and sold by defendant were also adapted to be used with other instruments. where the injunction was carefully limited by its terms so as to prohibit only sales of rolls "intended to be used" in players covered by the patents in suit and sold subject to such restrictions.

    [Ed. Note.—Contributory infringement of patents, see note to Edison Electric Co. v. Peninsular Light, Power & Heat Co., 43 C. C. A. 485.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here on appeal from an order for preliminary injunction, upon bill and affidavits submitted by complainant and opposing affidavits submitted by defendant.

For opinion below see 145 Fed. 939.

Charles Neave, for appellant.

Livingston Gifford and Gifford & Bull, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. Complainant for several years has, under certain patents which it owns, been manufacturing and selling self-playing pianos—it calls them Pianolas—to be operated with perforated paper music rolls; it also sells such rolls. The complaint avers that since March 31, 1905, it has sold its instruments only upon the conditions expressed in a certain notice which it avers has been affixed to all the pianolas so sold. The notice reads as follows:

"This Pianola, Number ——, is manufactured under patents owned or controlled by The Æolian Company, and is sold by us and licensed to be used under such patents and under our guarantee, only with attachments, improvements, and music-rolls especially designed and manufactured by us for use therewith. It must not be used with spurious imitations of any of our attachments, or with rolls not of our manufacture, otherwise the guarantee and license terminate. We guarantee the instrument to be of our standard workmanship and material and we will repair or replace any part found defective in material or workmanship during the period of one year from the date of sale by us.          The Æolian Company."

Defendant manufactures and sells perforated paper music rolls, adapted for insertion in complainant's instruments, and also adapted for insertion in several other varieties of self-playing pianos which are on the market and not covered by complainant's patent. The injunction restrains defendant from "directly or indirectly vending to others to be used music rolls adapted and intended to be used in mechanical musical instruments, or mechanical players for musical instruments, purchased from the complainant herein under patent license to be used only with music rolls made and sold by said complainant, or manufacturing or using the said rolls for such purpose."

It will be observed that the injunction is carefully restricted; it does not prohibit defendant from selling generally, nor from selling rolls to be used with other instruments than complainant's, nor from sales to such owners of complainant's instruments as bought the same without restrictions. The evidence warrants a finding that in at least one instance defendants sold its rolls to be used with one of complainant's Pianolas after it had been informed by the purchaser that his instrument contained the notice in question and that complainant was insisting that under its terms he was not permitted to purchase rolls elsewhere than from the Æolian Company. Indeed, the evidence fairly warrants the conclusion that, unless restrained by injunction, defendants intend to press the sale of their rolls among purchasers of the Pianolas who have bought with full knowledge of the restrictions and have accepted the same. Upon this state of facts the injunction was properly issued.

Order affirmed.