### AMERICAN GRAPHOPHONE CO. v. LEEDS & CATLIN CO.

(Circuit Court, S. D. New York. June 11, 1907.)

1. PATENTS—INFRINGEMENT—TALKING MACHINE RECORDS.

The mere making of duplicate copies of fully finished, commercial, foreign-made records for talking machines does not constitute infringement of the Jones patent, No. 688,739, for a process of producing sound records.

2. SAME—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Preparations or threats to infringe a patent shown by ex parte affidavits only are not sufficient to warrant the granting of a preliminary injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 479.]

In Equity. Second motion for preliminary injunction.
See 140 Fed. 981.

Philip Mauro, for the motion.
Louis Hicks, opposed.

LACOMBE, Circuit Judge. The court is not satisfied, upon the proof, that prior to the commencement of the suit defendant accomplished anything (in the way of infringement) otherwise than the making duplicate copies of fully finished commercial foreign-made records. And it is thought that the making of such duplicates did not constitute infringement. The case is readily differentiated from Victor T. M. Co. v. Leeds & Catlin Co. (C. C.) 150 Fed. 147, and (C. C. A.) 154 Fed. 58, where by stipulation it was conceded that the particular discs complained of were made expressly for insertion in an infringing combination, not for general commercial purposes.

Whether a sufficiently strong case can be made out of preparations and threats to infringe to warrant injunction is a question which should be left till final hearing. It cannot well be decided on affidavits.

The motion is denied, without leave to renew. Complainant has now moved twice for preliminary relief, and the time of the court should not be again claimed for the consideration of such a voluminous record until at interlocutory hearing on pleadings and proofs it may be able to dispose of all the issues.