A. B. DICK CO. v. MILWAUKEE OFFICE SPECIALTY CO. et al.

(Circuit Court, E. D. Wisconsin.   October 5, 1908.)

PATENTS (§ 259*)—CONTRIBUTORY INFRINGEMENT—INDUCING VIOLATION OF LI-
CENSE RESTRICTIONS.

It is within the right of the manufacturer of patented printing machines
, called the "mimeograph" to sell the same under license contracts providing
that they shall be used only with ink made by the seller, and third per-
sons who with knowledge of such restriction sell a different ink to owners
of the machines intending that it shall be used with such machines, and
which is so used, are chargeable with contributory infringement which en-
titles the owner of the patent to an injunction. ·

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 401; Dec. Dig. §
259.*

Contributory infringement of patents, see notes to Edison Electric Light
Co. v. Peninsular Light, Power & Heat Co., 43 C. C. A. 485; Æolian Co.
v. Harry H. Juelg Co., 86 C. C. A. 206.]

In Equity.   On motion for preliminary injunction.

S. O. Edmonds and J. V. Quarles, Jr., for complainant.
Paul & Paul, for defendants.

SEAMAN, Circuit Judge.   The fact of sale to licensees of the com-
plainant of ink made by the Chamberlain Ink Company for use with
the complainant's stencil printing machines, known as "Rotary Mime-
ograph," with knowledge of the inhibition of such use contained in
the license under the patents averred in the bill, intending the Cham-
berlain ink to be so used, and fact of use thereof by the licensees
accordingly, are well established by the affidavits on behalf of the
complainant; and no substantial dispute appears in the answering
affidavits, as I believe.   So the only issue is, whether the defendants
Andreas Bothe and Robert E. Watson, doing business under the
name of the Milwaukee Specialty Company, thus appear guilty of in-
fringement, under the rule of constructive infringement which must
govern the determination.

The authorities upon the question are fairly stated and reviewed
in the brief submitted on behalf of the defendants, and neither cita-
tions nor review is needful for the purposes of this decision.   The
cases referred to in this circuit have settled the controlling doctrine
of unlimited right in the patentee to thus restrict the use of his de-
vice, and thereunder no escape appears from its application to the
state of facts presented on this motion as constructive· infringement.
Whatever my impressions may have been in reference to the rule so
extended and upheld, the duty of this court is plain to observe and
enforce it, standing unreversed by the Circuit Court of Appeals and
modified by decision of the Supreme Court.   Remarks which are cited
from recent opinions of the Supreme Court merely amount to reserva-
tion of the question to be determined when it may arise, and do not
authorize departure from the rule referred to.   The opinion of Judge
Ray, in the cognate case of A. B. Dick Co. v. Henry (C. C.) 149
Fed. 424, satisfactorily states the grounds for injunctional relief to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be applied under the present motion, within the above-mentioned doctrine.

An injunction pendente lite will be granted accordingly, to restrain the defendants Bothe and Watson from sale of the ink in question, directly or indirectly, to licensees of the complainant, intending its use with the complainant's device described in the bill.

The Chamberlain Ink Company, named defendant in the bill, is not served with process, and cannot be included in the injunctional order nor can the question of its privity be passed upon herein.

Let an order be prepared and submitted as above indicated.