## THE FAIR v. DOVER MFG. CO.

(Circuit Court of Appeals, Seventh Circuit.   October 6, 1908.)

### No. 1,445.

1. PATENTS (§ 257*)—RIGHTS OF PATENTEE—CONTROL OF PRICE OF INVENTION.

The owner of a patent has the right to reserve to himself as a part of his monopoly the control of the price at which dealers may retail the patented product to users.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 257.*]

2. PATENTS (§ 257*)—RIGHTS OF PATENTEE—CONTROL OF PRICE OF INVENTION.

The sufficiency of the printed notice on a patented article of the reservation by the owner of the patent of the right to fix the retail price at which it may be sold is immaterial in case of a dealer who had actual notice of the reservation and the established price.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 257.*]

Appeal from the Circuit Court of the United States for the Northern Division of the Eastern District of Illinois.

Walter H. Chamberlin, for appellant.

Morse Ives, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge.   Appellee is owner of patent No. 649,912, issued May 22, 1900, to one Clark for improvements in sadirons; and controls and directs the making, and endeavors to control the marketing, of the patented product.   To carry out its endeavor, appellee has always refused to make absolute and unconditional sales of its sadirons, and has put them in the hands of dealers only on the condition that they should be sold at retail by such dealers, their agents, and their successors in interest, to intending users at uniform prices prescribed by appellee.   In addition to this limitation of the right of sale imposed upon dealers by appellee in its direct intercourse with them, appellee placed upon the box in which each set of sadirons was handled a printed notice to the effect that restrictions as to minimum prices had been made by appellee, that a violation of the restrictions would be treated as an infringement of the patent, and that if any dealer into whose hands the sadirons should come did not know the price he should inquire of appellee.

Appellant is a retail merchandising corporation.   On this appeal it is complaining of a decree that enjoins it from advertising and selling the sadirons of appellee's patent at cut prices.

The right of an owner of a patent to reserve to himself as a part of his monopoly the control of the price at which dealers may retail the patented product to users was upheld by us in the case of Victor Talking Machine Co. v. The Fair, 123 Fed. 424, 61 C. C. A. 58.   Similar views were also expressed in Fuller v. Berger, 120 Fed. 274, 56 C. C. A. 588, 65 L. R. A. 381, Rubber Tire Co. v. Milwaukee Rubber Works, 154 Fed. 358, 83 C. C. A. 336, and Indiana Mfg. Co. v. J. I. Case Co., 154 Fed. 365, 83 C. C. A. 343.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appellant urges that the doctrine of those cases is not applicable here,· because appellee's printed notice does not definitely point out what part of the monopoly has been reserved. And counsel vividly pictures the pitfalls in which innocent dealers might be entrapped if such a printed notice were held to be sufficient. But the record explicitly establishes that appellant, before it began to deal in this patented product, had full knowledge of the uniform prices that had been established by appellee and were being maintained by other dealers, and of the limited right of the party from whom it obtained the sadirons. So, although its intention may have been to test the sufficiency of the printed notice, appellant is not in a position to restrict appellee's case to that feature.

We find nothing in the cases of Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122, Bobbs-Merrill Co. v. Straus, 210 U. S. 339, 28 Sup. Ct. 722, 52 L. Ed. 1086, and Globe Newspaper Co. v. Walker, 210 U. S. 356, 28 Sup. Ct. 726, 52 L. Ed. 1096 (decided June 1, 1908), that requires a limitation of our holdings with respect to the nature and extent of the patent monopoly.

The decree is affirmed.