NEW JERSEY PATENT CO. et al. v. SCHAEFER.

(Circuit Court of Appeals, Third Circuit. November 15, 1909.)

No. 51.

PATENTS (§ 324*)—SUIT FOR INFRINGEMENT—REVIEW ON APPEAL.

A decree granting an injunction against infringement of a patent will not be reviewed on appeal on the ground that the injunction does not cover a matter as to which there was no allegation in the bill nor prayer for relief and which was not presented to the Circuit Court.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 606; Dec. Dig. § 324.*]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by the New Jersey Patent Company and the National Phonograph Company against Fred G. Schaefer. Decree for complainants (159 Fed. 171), from which they appeal. Affirmed.

Melville Church, for appellants.

John H. Fow, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. The complainant National Phonograph Company is the exclusive licensee under patent No. 782,375 for improvements in compositions for making duplicate phonograph records, of which New Jersey Patent Company, the other complainant, is the owner. The phonograph company seeks to control the prices of its records by contracts with jobbers and retail dealers. The defendant, Fred G. Schaefer, induced one William Dyer to obtain from the phonograph company a retail dealer's license, and to furnish him (Schaefer) with new records at prices which enabled Schaefer to put the records so obtained upon the market at prices below the retail prices fixed by the phonograph company. The Circuit Court (159 Fed. 171), in general language, enjoined the defendant from engaging in the business of a retail dealer in phonograph records without the license of the complainant; but, as the evidence showed that the defendant also sold secondhand records purchased from owners of phonographs who no

longer desired to keep them, the court excepted from its injunction the purchase and sale of such secondhand records. The complainants have appealed from the decree on the ground that it is too narrow, and that it should also have enjoined the defendant from acting as a dealer in secondhand records, even though purchased from owners of phonographs who did not desire longer to keep them.

We do not find it necessary to consider the important question argued by counsel concerning the extent to which the owner of a patent may control the prices at which his patented articles may be sold after he has parted with all title thereto. In the present case, the decree is as broad as the facts alleged in the bill of complaint and the prayer of the bill permit. The bill declares that, in order to protect the jobbers and retail dealers who purchase patented articles from the phonograph company, each jobber is required to sign a license agreement containing a provision fixing the prices at which such articles shall be sold by the jobber to retail dealers and the public, and also a provision that the jobber shall not sell such patented articles to any retail dealer who has not signed a retail dealers' license agreement fixing the prices at which the retail dealers shall sell to the public. The bill then charges that the defendant purchased the patented articles from jobbers and retailers whose names were unknown to the complainants, that the sales by such jobbers and retail dealers to the defendant were made at prices lower than those at which the jobbers and retail dealers were authorized to sell, and that, at the time of filing the bill, the defendant had in his possession large numbers of the patented articles which had been purchased by him from said jobbers and retail dealers. There is no allegation in the bill that the defendant was dealing in secondhand phonograph records. The only thing complained of was that the defendant, in fraud of the complainants' rights, was covertly purchasing records from some licensed but unfaithful jobber or retail dealer, and underselling licensed retail dealers, and thereby infringing the complainants' patent rights. The Circuit Court found this complaint to be proven in fact, and accordingly embodied in its decree the following language:

"Ordered, adjudged, and decreed that said defendant, Fred G. Schaefer, his associates, attorneys, clerks, servants, agents, and workmen, and each and every one of them, be perpetually enjoined and restrained from using, or causing to be used, selling, or causing to be sold, or acquiring, handling, or dealing in any apparatus, articles, or devices, embodying or containing the invention set forth in said letters patent—except secondhand records which may be purchased from owners of phonographs—without the consent or license of, or contrary to the conditions imposed by, said complainants, and from directly or indirectly interfering with the carrying out of the selling system of the complainant National Phonograph Company, or directly or indirectly persuading, procuring, or obtaining any of the authorized jobbers or dealers of the said National Phonograph Company to in any wise break or violate license contracts which they have made with the said National Phonograph Company not to sell any Edison Phonograph records manufactured under the letters patent upon which this suit is brought to any dealer who is not authorized by said National Phonograph Company to deal in said records, and from directly or indirectly interfering in any way with the business carried on by said complainant, National Phonograph Company, under its license agreements or otherwise."

In view of the allegations of the bill, Judge Holland, after stating in his opinion that the proofs showed that the defendant had purchased secondhand records from owners of phonographs, was quite justified in remarking that he had "no concern" with that fact. The bill laid no basis for the adjudication which the complainants now seek. All the relief they prayed for has been granted. Furthermore, the defendant, by his answer, informed the complainants that one of his defenses was that the records in which he was dealing were not purchased from any of the complainant licensed jobbers or retail dealers, as alleged in the bill, but "from owners of phonographs who, after having used the same, sold them to the defendant or exchanged them for others." Notwithstanding this plain notice, the complainants did not amend their bill so as to raise the important question now presented, but allowed it to remain as originally drafted. The question argued here does not seem to have been discussed in the Circuit Court, for not only did Judge Holland declare "we have no concern" with it, but after he had signed the decree the complainants asked to have it amended, not in such a way as to deny to the defendant all right to deal in secondhand records, but in such a way as to define that right by substituting for the words, "except secondhand records which may be purchased from owners of phonographs," the words, "excepting secondhand records as to which it may be shown that they have once been sold at the full retail price."

As the ground of complaint insisted on in this court was not included in the grounds of complaint mentioned in the bill of complaint, and does not seem to have been presented to or argued before the Circuit Court, it should not be considered here.

The decree of the Circuit Court will therefore be affirmed, with costs.