AUTOMATIC PENCIL SHARPENER CO. v. GOLDSMITH BROS.

(Circuit Court, S. D. New York. July 25, 1911.)

PATENTS (§ 257*)—INFRINGEMENT—VIOLATION OF CONDITIONS ATTACHED TO LICENSE.

The owner of a patent may sell the patented article under restrictions as to the price at which it shall be resold, and is entitled to an injunction to restrain a violation of such restrictions by one having full knowledge of them as an infringement of the patent.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 257.*]

In Equity. Suit by the Automatic Pencil Sharpener Company against Goldsmith Bros. On motion for preliminary injunction. Motion granted.

Breed, Abbott & Morgan, for complainant.

Milton Dammann, for defendant.

LACOMBE, Circuit Judge. This is a motion for preliminary injunction to restrain the sale at cut rates of patented machines bought under restrictions as to price of which defendant had full knowledge. The machines and boxes also bore marks, numbers, and notices which defendant mutilated and erased before offering for sale at the cut rate. There are no affidavits submitted by defendant and is no dispute as to the facts.

This case is not to be distinguished from the many cases decided in various Circuit Courts of Appeals holding that complainant is entitled to an injunction under the circumstances disclosed in this case. Heaton-Peninsular Company v. Eureka Specialty Company, 77 Fed. 288, 25 C. C. A. 267, 35 L. R. A. 728; Cortelyou v. Lowe, 111 Fed. 1005, 49 C. C. A. 671; Victor Talking Machine Company v. The Fair, 123 Fed. 424, 61 C. C. A. 58; The Fair v. Dover Manufacturing Company, 166 Fed. 117, 92 C. C. A. 43. I find nothing in Bobbs-Merrill Company v. Straus, 210 U. S. 339, 28 Sup. Ct. 722, 52 L. Ed. 1086, and Dr. Miles Medical Company v. Jaynes Drug Company (C. C.) 149 Fed. 838, that deprive these cases of authority in patent causes. The court in this district will follow the Circuit Court of Appeals for the Second Circuit. Cortelyou v. Lowe, supra.

Injunction is granted as prayed for.