## WALTHAM WATCH CO. v. KEENE.

(Circuit Court, S. D. New York. November 3, 1911.)

PATENTS (§ 257*)—INFRINGEMENT—RIGHT OF OWNER TO IMPOSE CONDITIONS ON PURCHASER OF PATENTED ARTICLE.

The owner of a patent covering certain improvements in an article manufactured by it in selling such articles to retail dealers may lawfully, by notice attached thereto, impose conditions upon the purchaser, including the fixing of the price at which they may be resold, and a purchaser who violates such condition is liable for infringement of the patent.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 257.*]

In Equity. Suit by the Waltham Watch Company against Charles A. Keene. On demurrer to bill. Overruled.

Crawford, Harris & Goodwin, for complainant.
Adolph Hirsch Rosenfeld, for defendant.

COXE, Circuit Judge. The principal question presented by this demurrer is whether the owner of two letters patent covering certain improvements in watches known as "Riverside movements" may, by notice attached thereto, impose conditions as to their sale, including the price at which they may be resold, which notice shall be binding upon purchasers from complainant who sell said movements in violation of its provisions.

To put a concrete case, Is a retailer who purchases from the complainant a "Riverside movement," with instructions not to sell the same for less than $25, liable in equity if he sells for less than that sum?

I think the question must be answered in the affirmative. Many of the authorities have gone much further in sustaining the right of the owner of a patent to impose conditions upon those who seek to use his monopoly. Heaton Peninsular Co. v. Eureka Co., 77 Fed. 288, 25 C. C. A. 267, 35 L. R. A. 728; Victor Talking Machine Co. v. The Fair, 123 Fed. 424, 61 C. C. A. 58; Crown Cork & Seal Co. v. Standard Brewery (C. C.) 174 Fed. 252. See, also, as indicating the opinion of the writer as to the limits within which the doctrine of contributory infringement should be confined, Cortelyou v. Johnson. 145 Fed. 933, 76 C. C. A. 455; Id., 207 U. S. 196, 28 Sup. Ct. 105, 52 L. Ed. 167.

The demurrer should be overruled with leave to the defendant to answer within 20 days from the date of the order.