WINCHESTER REPEATING ARMS CO. v. OLMSTED.

(Circuit Court of Appeals, Seventh Circuit.   January 7, 1913.)

No. 1,920.

1. PATENTS (§ 294*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION—
DISCRETION.

   While the granting or refusal of a preliminary injunction in a patent suit is within the sound discretion of the trial court, such discretion does not extend to a refusal to apply well-settled principles of law to a conceded or indisputable state of facts.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 473; Dec. Dig. § 294.*

   Grounds for denial of preliminary injunction in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PATENTS (§ 257*)—INFRINGEMENT—VIOLATION OF PRICE RESTRICTIONS.

Where the manufacturer of a shotgun, several parts of which were covered by patents, sold the same under contracts imposing price restrictions on their resale, and both the validity of the patents and such restrictions had been acquiesced in by dealers and the public for several years, a dealer who, with knowledge of such facts, sells such guns at less than the price fixed by the maker, is chargeable with infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 398; Dec. Dig. § 257.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

Suit in equity by the Winchester Repeating Arms Company against Leon A. Olmsted. From order denying preliminary injunction, complainant appeals. Reversed.

Frank F. Reed and Edward S. Rogers, both of Chicago, Ill. (George D. Seymour, of counsel), for appellant.

Fred Gerlach, of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. [1] Appellant seeks the reversal of a decree denying a preliminary injunction in a suit for infringement of patents. As a rule, the grant or refusal of a preliminary injunction is a matter within the sound discretion of the trial court; and where the preliminary record discloses that the validity of the patents was in doubt, that the fact of infringement was uncertain, and that, in view of such doubts and uncertainties, an injustice might be inflicted upon the defendant greater than any benefit that might accrue to complainant from the preliminary decree, the reviewing tribunal will not weigh the conflicting showings with respect to the facts of validity, infringement, or comparative equities, but will let the case go to final hearing undisturbed, because abuse of discretion is not made affirmatively to appear. Such is the doctrine of the cases cited by appellee.[1] But discretion (which must be legal discretion, not merely the individual view or will of the particular chancellor) does not extend to a refusal to apply well-settled principles of law to a conceded or indisputable state of facts.[2] If this is not so, Congress did a vain thing in providing at all for appeals from preliminary injunctional decrees.

[1] Gillette Safety Razor Co. v. Durham Duplex Razor Co. (D. C.) 197 Fed. 575; Lovell-McConnell Mfg. Co. v. Automobile S. Mfg. Co. (C. C.) 193 Fed. 658, 662; Whippany Mfg. Co. v. United Indurated Fibre Co., 87 Fed. 215, 30 C. C. A. 615; Standard Elevator Co. v. Crane Elevator Co., 56 Fed. 718, 6 C. C. A. 100; George Ertel Co. v. Stahl, 65 Fed. 519, 13 C. C. A. 31; Brush Electric Co. v. Electric Storage Battery Co. (C. C.) 64 Fed. 775; Brookfield et al. v. Elmer Glassworks (C. C.) 132 Fed. 312; Blakey v. National Mfg. Co., 95 Fed. 136, 37 C. C. A. 27.

[2] Charles E. Hires Co. v. Consumers' Co., 100 Fed. 809, 41 C. C. A. 71; Standard Elevator Co. v. Crane Elevator Co., 56 Fed. 718, 6 C. C. A 100; American Cereal Co. v. Eli Pettijohn Cereal Co., 76 Fed. 372, 22 C. C. A. 236.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] From the record herein it appears that the following facts are either conceded or established beyond controversy: Appellant, manufacturer of firearms, is owner of patents 564,421, 599,587, 605,734, 659,928, and 839,390, for repeating, take-down, magazine, ejector, and cartridge-stop features of breech-loading shotguns; that the improvements are substantial and valuable, are susceptible of conjoint use, and are so used in making the modern Winchester repeating shotgun; that appellant has never licensed any one to manufacture its patented guns, but has itself made and marketed them to the extent of half a million in the last 15 years; that appellant has sought to control, not only the manufacture, but also the terms of sale, of its patented guns— that is, has put price restrictions upon dealers into whose hands it sent its guns; that upon each gun sent out were placed notices of the patents and of the price restrictions; that the public and makers and dealers have acquiesced in the asserted validity of the patents (going back to 1896) and have respected appellant's rights as claimed both under the patents and the price restrictions; and that appellee, a retail dealer in firearms, with complete knowledge of each of the foregoing facts, somehow obtained a supply of appellant's patented guns, and was advertising and selling them at cut prices.

On these facts the law is that appellee by his acts was committing and threatening to continue willful trespasses upon a part of the territory within the patent monopoly that the owner had reserved. Henry v. Dick, 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, Victor Co. v. The Fair, 123 Fed. 424, 61 C. C. A. 58, and numerous cases collated by appellant,[3] with none to the contrary cited by appellee or found by us.

The decree is reversed, with the direction to grant the preliminary injunction as prayed.

[3] Henry v. A. B. Dick Co., 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645; Victor Co. v. The Fair, 123 Fed. 424, 61 C. C. A. 58; Edison v. Smith Mercantile Co. (C. C.) 188 Fed. 925; Bement v. National Harrow Co., 186 U. S. 70, 22 Sup. Ct. 747, 46 L. Ed. 1058; The Fair v. Dover Mfg. Co., 166 Fed. 117, 92 C. C. A. 43; N. J. Patents Co. v. Schaeffer (C. C.) 159 Fed. 181; Id., 178 Fed. 276, 101 C. C. A. 540; Commercial Acetylene Co. v. Autolux Co. (C. C.) 181 Fed. 387; Dick v. Milwaukee Off. Specialty Co. (C. C.) 168 Fed. 930; A. B. Dick Co. v. Henry (C. C.) 149 Fed. 424; Automatic Pencil Sharpener Co. v. Goldsmith Bros. (C. C.) 190 Fed. 205; Waltham Watch Co. v. Keene (C. C.) 191 Fed. 855; Crown Cork & Seal Co. v. Standard Brewery Co. (C. C.) 174 Fed. 252; Heaton P. B. F. Co. v. Eureka Spec. Co., 77 Fed. 288, 25 C. C. A. 267, 35 L. R. A. 728; Cortelyou v. Lowe, 111 Fed. 1005, 49 C. C. A. 671; Cortelyou v. Johnson. 145 Fed. 933, 76 C. C. A. 455; Rupp & W. Co. v. Elliott, 131 Fed. 730, 65 C. C. A. 544; Tubular Rivet Co. v. O'Brien (C. C.) 93 Fed. 200; Æolian Co. v. Juelg Co., 155 Fed. 119, 86 C. C. A. 205; Victor, etc., Co. v. Leeds & Catlin Co. (C. C.) 150 Fed. 147; Leeds & Catlin Co. v. Victor, etc., Co., 154 Fed. 58, 83 C. C. A. 170, 23 L. R. A. (N. S.) 1027; Rubber Tire Co. v. Milwaukee Co., 154 Fed. 358, 83 C. C. A. 336; Indiana Co. v. Case Co., 154 Fed. 365, 83 C. C. A. 343; National Phonograph Co. v. Schlegel, 128 Fed. 733, 64 C. C. A. 594; Crown Cork Co. v. Brooklyn Bottle Stopper Co. (C. C.) 172 Fed. 225; Edison Co. v. Pike (C. C.) 116 Fed. 863; Providence Rubber Co. v. Goodyear, 9 Wall. 788, 19 L. Ed. 566; Mitchell v. Hawley, 16 Wall. 544, 21 L. Ed. 322; Paper Bag Case, 210 U. S. 405, 425, 28 Sup. Ct. 748, 52 L. Ed. 1122; Hobbie v. Jennison, 149 U. S. 355, 13 Sup. Ct. 879, 37 L. Ed. 766; Board of Trade v. Christie Co., 198 U. S. 236, 25 Sup. Ct. 637, 49 L. Ed. 1031; Straus v.

American Publishers' Ass'n, 177 N. Y. 473, 69 N. E. 1107, 64 L. R. A. 701, 101 Am. St. Rep. 819; Authors' & Newspapers' Ass'n v. O'Gorman Co. (C. C,) 147 Fed. 616; Hunt v. N. Y. Cotton Exchange, 205 U. S. 322, 27 Sup. Ct. 529, 51 L. Ed. 821; Betts v. Willmott, 25 L. T. R. (N. S.) 188, L. R. 6 Ch. 239; Société Anonyme v. Tilghman's Patent, etc., Co., 49 L. T. R. (N. S.) 451, L. R. 25 Ch. D. 1; British Mutoscope, etc., Co. v. Homer, 84 L. R. (N. S.) 26, L. R. 1 Ch. 671; Incandescent Gas Light Co. v. Cantelo, 12 Rep. Pat. Cas. 262; Incandescent Gas Light Co. v. Brogden, 16 Rep. Pat. Cas. 183; Badische Anilin und Soda Fabrik v. Isler, [1906] 1 Ch. Div. 611; 23 Rep. Pat. Cas. 173; McGruther v. Pitcher, [1904] 2 Ch. Div. 306, 91 L. T. R. 678; National Phonograph Co. v. Menck, 27 L. T. R. 239, 104 L. T. 5 (Feb. 3, 1911); U. S. v. Winslow (D. C.) 195 Fed. 578; Winchester Repeating Arms Co. v. Evans (not for publication).

