### IMPERIAL MACHINE CO. v. JACOBUS.

(District Court, S. D. New York. April 3, 1914.)

PATENTS (§ 328*)—VALIDITY—INFRINGEMENT—MACHINE FOR PEELING VEGETABLES—PRELIMINARY INJUNCTION.

> Robinson Patent, No. 809,582, for machine for peeling vegetables, *held* prima facie valid and not anticipated, so as to entitle complainant to a preliminary injunction restraining defendant from selling certain alleged infringed machines pendente lite.

This is a motion for a preliminary injunction to restrain defendant from selling machines alleged to be infringements of United States patent to Henry Robinson, No. 809,582, issued January 9, 1906, for "Machine for Peeling Vegetables."

H. S. MacKaye, of New York City, for complainant.
F. Warren Wright, of New York City, for defendant.

LACOMBE, Circuit Judge. The claims involved are Nos. 1 and 3. These were held valid and infringed by Judge McPherson in Robinson Machine Co. v. American Fruit Machinery Co.[1] The particular detail of construction in question relates to the revolving disk with abrading surface; the flat surface of the disk having on it "rising portions extending inward from the circumference toward the center, preferably bounded by radial sides, higher at the circumference, sloping toward the center." The same patent was before Judge Hough at final hearing in a suit by the present complainant against Smith & McNell. He held the patent valid and infringed as to the first claim. Since the device complained of here is the same as in the Smith Case, and there is no additional prior art, it would seem that preliminary injunction should issue.

The application is opposed mainly because, since the Smith decision, Judge Hazel in the Western district of New York has refused an injunction. That refusal came about in this way: A patent relied upon as showing anticipation is one to Lehman, 91,238, issued in 1869. There is no testimony to show that any device was ever made under this patent. It was before Judge Hough, who, referring to the Lehman drawing and specifications, held that:

> "This diagram shows a 'hump' or 'agitator', which apparently has sharp edges and looks like a kind of slat or lath-like projection affixed to the usual revolving disk. It is plain that this device of Lehman's is an agitator, but it is equally plain that it will not agitate in the same way as does the sloping hump which is described in Robinson's patent and found in the alleged infringing machine."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
[1] See note at end of case.

In the suit before Judge Hazel, defendant undertook to fortify the Lehman patent by the affidavit of an expert with a drawing which the expert testified illustrated the Lehman raised portion or agitator. The same testimony is produced here. Complainant in the Western district did not meet this testimony with other affidavits, and Judge Hazel, therefore, seems to have taken the drawing and affidavit at their face value. Since this drawing is substantially a Chinese copy of the drawing of the patent in suit, which shows Robinson's raised portion, Judge Hazel's conclusion was sound, if the expert's affidavit and drawing were taken as accurate.

In the case at bar, however, there are replying affidavits; but, without them, I am entirely satisfied that the expert's drawing, like many other expert's drawings and models, is wholly unwarranted by anything disclosed in the Lehman patent. The drawing shows the sides of the projection sloping downward to right and left from its highest portion; nothing in Lehman indicates this sloping; and nothing therein negatives its presence. The drawing shows the foot line of these slopes not parallel, but inclined toward each other; nothing in Lehman indicates such inclination. The drawing shows the projection extending inward from the circumference until it reaches the central core of the pot; nothing in Lehman's patent indicates this, but, on the contrary, its Fig. 1 shows the projection terminating abruptly some distance before it reaches the central core. The drawing shows the summit of the projection sloping downwards as it runs from circumference to center; nothing in Lehman indicates this, but, on the contrary, Fig. 1 shows the summit of the projection at exactly the same height above the disk through its entire length. Under these circumstances, it is difficult to see how either the expert's drawing or his affidavit could possibly have any probative value.

I see no force in the objections to proof of title. Injunction may issue on claim 1.

### NOTE.

The following is the opinion of J. B. McPherson, Circuit Judge, in Robinson Machine Co. v. American Fruit Machinery Co., referred to above:

"The patent in suit, No. 809,582, was granted to Henry Robinson on his application filed in January, 1905. It is for an improvement in machines for peeling vegetables; potatoes being evidently the vegetable chiefly in the patentee's mind. The prior art is concerned mainly with two classes of machines, and these are briefly described in the specification as follows:

" 'This machine has relation to improvements in that type of machines for peeling vegetables wherein an abrading-disk rotates at the bottom of a containing vessel provided with an abrading lining. Machines of this type have been hitherto designed according to two principal plans. In following one plan of construction, inelastic sharp cutting edges are provided for, acting upon the material to be treated, and the turning of individual vegetables is accomplished by special devices introduced in the path of movement of the mass. The second plan of construction involves the use of brushes as abrading agents, and the turning of the vegetables to bring all parts successively against the active surfaces is supposed to be accomplished by the elasticity of the wires or bristles in such brushes. In this form a free path of movement is left for the mass to be treated.'

"The present dispute is solely over the abrading-disk, and the claims involved are the first three:

" '1. In a device of the class described, an impelling and abrading member

comprising a rotary disk composed of a horizontal flat striated portion and a raised portion extending from near the circumference inward and having two sides sloping down to the flat striated portion of said disk, substantially as described.

"'2. In a device of the class described, an impelling and abrading member comprising a rotary disk composed of a number of horizontal flat striated portions separated by raised portions at intervals extending from near the circumference inward, substantially as described.

"'3. In a device of the class described, an impelling and abrading member comprising a rotary disk composed of a horizontal flat striated portion and a rounded raised portion rising gradually from near the center toward the circumference, substantially as described.'

"As it seems to me, not much discussion is needed about this matter. In my opinion the patent discloses meritorious invention and deserves protection. The device has met with much approval, and sales have been numerous and steadily continued. The merits of the machine are obvious. It unites in the disk the three functions of abrading, impelling, and turning; for the first time it deals successfully with a deep mass, as contrasted with a shallow layer; it does not grind or bruise the vegetables, but confines its action to removing the thin outer layer of skin; and it leaves the surface of the potato comparatively smooth instead of pitted or hacked. These advantages have never before been combined in a single machine, and the invention seems to mark a distinct and decided advance in the art. It is therefore entitled to a reasonable range of equivalents, and in my opinion it is well within such range to coat the disk with carborundum. The sharp particles of this substance are disposed in striations, although the lines are broken and irregular; and this I think is one of the 'variety of methods of striation' to which the specification refers. Similarly, the raised portions of the disk—which are of the essence of the invention, and are to extend from near the circumference inward, or gradually from near the center toward the circumference—need not necessarily be radial in direction. If they are spiral, as they are in the defendants' machine, the spirit of the invention would, I think, be clearly invaded. And so, also, a surface that is not exactly 'flat,' but deviates only slightly from a plane, would be fairly comprehended by the claims. Indeed, I do not see how infringement can be successfully denied if the disks now made by the defendants and the complainants respectively be inspected side by side. As I think, the defendants' machine is plainly an attempt to secure the advantages of the patent and at the same time avoid infringement. Of course, if the frontier has actually been crossed, the defendants are secure; but in my opinion they have not succeeded in reaching a position of safety. The Blache machine belongs to the brush type, has not been effective, and does not seem to need detailed discussion.

"I think the three claims in question are valid, and have been infringed. A decree to that effect, with costs, may be entered."