SHERMAN–CLAY & CO. v. SEARCHLIGHT HORN CO.

(Circuit Court of Appeals for the Ninth Circuit.  May 4, 1914.)

No. 2307.

PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

In general the granting or refusing of a preliminary injunction in an infringement suit rests in the sound discretion of the court, but where the validity of the patent has been sustained, in a prior action at law, and infringement is clear, the court has no discretion to refuse such an injunction.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; · Dec. Dig. § 297.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Suit by the Searchlight Horn Company against Sherman-Clay & Co., a corporation, to enjoin infringement of letters patent, No. 771,-441, for a horn for phonographs or similar machines, granted to Peter C. Nielsen October 4, 1904.  From an order granting a preliminary injunction, defendant appeals.  Affirmed.

See, also, 214 Fed. 86.

Nicholas A. Acker and J. J. Scrivner, both of San Francisco, Cal., and Horace Pettit, of Philadelphia, Pa., for appellant.

John H. Miller and Wm. K. White, both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge.  This is a suit for an injunction based upon the judgment entered in the court below in the action at law between the same parties.  In the bill for injunction it was alleged that since the rendition of the judgment in the action at law, the defendant, without the consent of the plaintiff, had continued to use and sell horns for phonographs containing and embracing the invention described, claimed and patented in and by the letters patent issued to Nielsen, and that unless the defendant was restrained by the court from using and selling such horns, the plaintiff would suffer great and irreparable injury, for which it had no plain, speedy, and adequate remedy at law.  These allegations of the bill, which were supported by affidavits filed on behalf of the plaintiff, were denied in the answer, and in the affidavits filed in support thereof, by the defendant.  A writ of injunction was granted by the court below, pursuant to the prayer of the bill, commanding and enjoining the defendant from making, selling, offering for sale or using any horn for phonographs containing and embodying the invention described in claims 2 and 3 of the letters patent, No. 771,441, issued to Nielsen by the United States of America.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The granting of a preliminary injunction in a suit for infringement of a patent rests within the sound discretion of the trial court. Jensen Can-Filling Co. v. Norton, 64 Fed. 662, 12 C. C. A. 608; Southern Pacific Co. v. Earl, 82 Fed. 690, 27 C. C. A. 185; Kings County Raisin & Fruit Co. v. United States Con. Seeded Raisin Co., 182 Fed. 60, 104 C. C. A. 499. Under this rule the only question for the court to determine would be: Had the court abused its discretion? But another general rule applicable to the present case is that, the validity of the patent having been sustained by a prior adjudication in an action at law, and the infringement being clear, the court has no discretion to refuse a temporary injunction pending a final hearing upon the issues involved in the case. This was held by Mr. Justice Nelson as early as Gibson v. Van Dresar, 1 Blatch. 532, Fed. Cas. No. 5402, and this rule has been followed ever since, except in cases where the circumstances are such as to make some other rule of equity more appropriate in the administration of substantial justice. There is no such exceptional circumstance in this case. We must therefore hold that the trial court was justified in issuing the temporary injunction.

The decree of the court below is affirmed.