KRYPTOK CO. v. UNITED BIFOCAL CO. et al.

(Circuit Court of Appeals, Second Circuit. May 25, 1914.)

No. 278.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—LENSES FOR EYEGLASSES.
The Borsch patent, No. 637,444, for a bifocal lens for eyeglasses, and the Borsch, Jr., patent, No. 876,933, for an improvement on the same, both *held* not anticipated, valid, and infringed on motion for preliminary injunction.

Appeal from the District Court of the United States for the Western District of New York.

This cause comes here upon appeal from an order of the District Court, Western District of New York, granting preliminary injunction. The suit is on two patents for improvements in bifocal lenses,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

No. 637,444, granted November 21, 1899, to John L. Borsch, and the other, No. 876,933, granted January 21, 1908, to John L. Borsch, Jr.

The following is the opinion of the District Court by

HAZEL, District Judge. This action was brought for infringement of letters patent, No. 637,444, granted to John L. Borsch, Sr., November 21, 1899, and No. 876,933, granted to the complainant as assignee of John L. Borsch, Jr., both owned by the complainant and relating to improvements in bifocal lenses. In the Borsch, Sr., patent the bifocal lens was formed of two pieces of glass of dissimilar indices of refraction and of different size, the smaller being mounted in a recessed portion of the larger and exposed upon one side thereof. In the Borsch, Jr., patent two lenses of different indices of refraction were united, the smaller to the larger, by welding or fusing to make an integral lens. The complainant claims that in this respect its lenses are constructed upon a new principle differing from that of prior structures with the result that the bifocals, though of different indices of refraction, are made integral, which imparts to them a smoothness of surface and desired invisibility of jointure.

The defenses are invalidity, prior use, and noninfringement. But none of such defenses is thought supported with such persuasiveness and cogency as to deter the granting of a preliminary injunction. It appears that both patents in suit were adjudicated and sustained after careful consideration by Judge Van Valkenburgh in the Western District of Missouri after a full and fair hearing at which a large number of prior patents claimed to anticipate and limit the claims in suit were examined and differentiated, and the invention adjudged to be novel and useful, and the claims valid. Kryptok Co. v. Stead Lens Co. (D. C.) 207 Fed. 85. Such adjudication concededly carries with it a presumption in favor of the patents which must be overcome by satisfactory evidence. To this end reliance is principally placed upon the contention that the single claim of patent No. 637,444, if held valid, should have only a narrow construction. But this contention was before the court in the prior litigation, as indeed were all the prior patents and publications to which the defendants here attach importance, save the Dallmeyer patent, No. 61,812, which is claimed to be anticipatory of the Borsch, Sr., patent, but an examination of it convinces me that it has little bearing thereon. The Dallmeyer lenses are for use in photography, and are formed of two lenses of crown or plate glass with a flint glass lens cemented between them. Patents similar to the Dallmeyer patent were discussed by Judge Van Valkenburgh in his opinion, and further discussion in relation thereto is unnecessary. It would appear from Dr. Thompson's address before the American Ophthalmological Society that disclosure of the Borsch, Sr., patent was made anterior to the date of the application for patent, but as specific allusion was made in the address to the patentee as the inventor of the lens, it might perhaps aptly be claimed that such allusion supports complainant's claim that Borsch, Sr., made his invention in suit some time before Dr. Thompson's address, and that the patent may be antedated.

The defense to the Borsch, Jr., patent is that, in view of the disclosures of the prior art, i. e., the patents to Kokocinski, Lazarus, and Newton, there was a lack of invention in fusing two pieces of glass together, but this question was also fully considered in the prior litigation, and nothing said in argument is conducive to additional consideration of such defenses at this time.

It is also claimed that both inventions were in use prior to the patents in suit, and affidavits have been read in support of such claim, but as there has been no opportunity to cross-examine the affiants, such affidavits are entitled to little weight on this motion.

Infringement is shown prima facie by the fact that the defendants manufacture from lens blanks and sell bifocal lenses formed of two pieces of glass, the major portion recessed to receive the smaller portion, and secured together by fusing or grinding to produce an integral lens; each piece of glass or lens, according to the proofs, having different indices of refraction, and the exposure of the small-sized lens being identical with complainant's as

specified in claim 1 of patent No. 637,444, and also responding to claim 3 of patent No. 876,933. Therefore, in view of the circumstances, and without deeming it desirable to further discuss the various contentions, I think that a temporary injunction as prayed for ought to be granted, and a decree granting the same may be entered. So ordered. January 29, 1914.

Howard P. Denison, of Syracuse, N. Y. (Eugene A. Thompson and Drury W. Cooper, both of Syracuse, N. Y., of counsel), for appellants.

William M. Stockbridge, of New York City (William Houston Kenyon, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The patents were fully considered on a full record at final hearing by Judge Van Valkenburg in the Western District of Missouri; both were sustained and infringement found. Kryptok Company v. Stead Lens Company, 207 Fed. 85.

In granting the injunction now appealed from Judge Hazel followed the opinion in that cause as to the position of the patents in the art. That cause was appealed to the Circuit Court of Appeals for the Eighth Circuit (214 Fed. 368, 131 C. C. A. 144) and we have now received from the clerk of that court a certified copy of the opinion, in all respects affirming the opinion of Judge Van Valkenburg. In these circumstances we deem it our duty to affirm the order.

With the decisions of the District Court and of the Circuit Court of Appeals in their favor the presumption of the validity of the patents is too strong to be overcome, especially upon a motion for a preliminary injunction and upon a record substantially similar to the one in the Eighth Circuit.

Should a different conclusion be reached it should only be after a full consideration at final hearing.

The order is affirmed with costs.