## WEBER ELECTRIC CO. v. WIRT MFG. CO.

(District Court, D. Massachusetts.  April 25, 1915.)

### No. 119.

PATENTS &=328—VALIDITY AND INFRINGEMENT—ELECTRIC LAMP SOCKET.

The Weber patent, No. 743,206, for an incandescent electric light socket, *held* valid, and claims 1 to 4, inclusive, infringed.

In Equity.  Suit by the Weber Electric Company against the Wirt Manufacturing Company for infringement of letters patent No. 743,206, for an incandescent electric lamp socket, granted to August Weber November 3, 1903.  On final hearing.  Decree for complainant.

Frank C. Curtis, of Troy, N. Y., for plaintiff.

DODGE, Circuit Judge.  This case was duly assigned for final hearing on April 9, 1914, and the defendant has been duly notified. The case having been called, the complainant appeared and offered the evidence heretofore taken on its behalf in the case.  The defendant did not appear, and I am satisfied that it neither intended nor desires to appear.  The evidence heretofore taken on its behalf is on file in the case, but no one has offered it for consideration by the court at the hearing.  Under the circumstances, I think I am justified in disposing of the case upon the pleadings and complainant's evidence.

The validity of the patent in suit is established for the purposes of the hearing by the decision of the Court of Appeals for the Second Circuit in Weber Electric Co. v. National Gas, etc., Co., 212 Fed. 948, 950, 129 C. C. A. 468, 470, handed down February 10, 1914. The case there dealt with was a suit upon the same patent, and the decision affirms the decision of the District Court reported in 204 Fed. 79.  The prior art has been also fully dealt with in that case, and no anticipation found.

Upon inspection of the defendant's devices marked "Complainant's Exhibit, Defendant's Keyless Socket," and "Complainant's Exhibit, Defendant's Key Socket," and upon consideration of the complainant's evidence relating thereto, I find that the first of said devices infringes claims 1 to 4, inclusive, of the patent in suit, and that the other of said devices infringes claim 4 of the patent in suit.

There may be a decree for an injunction in accordance with the above.  The complainant waives its right to an accounting.