### HINMAN et al. v. VISIBLE MILKER CO.

(Circuit Court of Appeals, Second Circuit. January 9, 1917.)

No. 102.

1. PATENTS &⟶328—VALIDITY AND INFRINGEMENT—MILKING MACHINE.

The Hinman and Hinman reissue patent, No. 13,876 (original No. 1,097,803), for a cow-milking machine, is a valid reissue, and, while the patent is for an improvement, it is for one of merit, and discloses patentable invention; also *held* infringed.

2. PATENTS &⟶157(2)—VALIDITY—TECHNICAL OBJECTIONS.

Where the court is convinced that a patentee has made a meritorious invention, it will not deprive him of its fruits on merely technical grounds.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 231.]

Appeal from the District Court of the United States for the Northern District of New York.

Suit in equity by Arthur V. Hinman, Ralph L. Hinman, and the Hinman Milking Machine Company against the Visible Milker Company. Decree for complainants, and defendant appeals. Affirmed.

For opinion below, see 231 Fed. 174.

The decree of the District Court of the United States for the Northern District of New York held claims 11 to 21, inclusive, of reissued patent No. 13,876 to Hinman and Hinman for a cow-milking machine valid and infringed and ordering an injunction and an accounting. The original patent No. 1,097,803 was dated May 26, 1914; the reissue is dated February 9, 1915.

Fred Gerlach, of Chicago, Ill., and John Conboy, of Watertown, N. Y., for appellant.

Howard P. Denison and Eugene A. Thompson, both of Syracuse, N. Y., and R. H. Woolver, of Oneida, N. Y., for appellees.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

COXE, Circuit Judge. [1] The patent in controversy is not a pioneer; the patentees only claim for it an improvement and development of the art as disclosed in a prior patent to them, No. 907,236, dated December 22, 1908. The patentees assert that in prior machines there was no way of controlling the vacuum automatically:

"So that with each pulsation of the piston of the air pump the entire contents of the milk chamber are emptied; and there is no way to prevent the milk from entering at some point the center of the milk chamber during the milking stroke of the pump; and no way of preventing a portion of the milk being drawn from the milk chamber into the flexible tube connected with the pump and even into the pump itself."

The patentees have endeavored to remedy these defects by an improved and simple apparatus. The claims in controversy are quoted in full in the opinion of the District Judge and need not be repeated here. Claim 11 is the only one found in the original patent and differs somewhat in phraseology from that claim. It is as follows:

"In a cow-milking apparatus, a milk chamber having a valveless inlet means for exhausting air from the chamber and a substantially air-tight valved outlet closed by gravity and the exhaust of air from said chamber."

We think it is clearly demonstrated by the proof that the patentees produced a meritorious invention in which, to use the language of Judge Ray:

"The suction upon the teats of the cow is realized at alternate strokes of the pump piston and they (the patentees) produced a device easily cleaned and sanitary in which the milk chamber is unobstructed by moving parts or otherwise, and which is easily and quickly kept clean. The vacuum is gradually produced upon the out stroke of the pump piston and is gradually applied to the milk chamber, to the teat cups and teats of the cow. This is a great advantage, as the abrupt application of the vacuum makes a milking machine practically useless."

In approaching the question relating to the validity of the reissue—as such—we should bear in mind the fact that the Hinmans are practically the creators of this art. They were the first to produce a safe, efficient, satisfactory and comparatively inexpensive machine. The trial judge correctly says of it:

"This is the neatest, most operative and most sanitary of all and shows a marked and patentable improvement on the prior art."

[2] Our examination of the prior art, as disclosed in the record, convinces us that the Hinmans have practically solved the problem by producing a compact, efficient and simple milking machine which avoids pre-existing defects. We also think that the defendant has appropriated the Hinman device. Regarding the reissue little need be said as the subject is fully treated in the opinion below. The difficulty grew out of some crude drawings made by the local attorney who was not a skilled draftsman. This mistake was corrected and the patent and drawings put in proper shape within a comparatively short time and without any intervening rights being destroyed or interfered with. Where this court is convinced that the patentee has made a meritorious

invention it has been our steady purpose not to deprive him of its fruits based upon technical reasons only. Iowa Co. v. Montgomery, 234 Fed. 88, —— C. C. A. ——.

The decree is affirmed with costs.

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes