HINMAN et al. v. STARCH BROS. CO.

(District Court, W. D. Wisconsin. November 9, 1917.)

No. 45.

1. PATENTS ⬤⇒328—VALIDITY AND INFRINGEMENT—MILKING MACHINE.

The Hinman & Hinman reissue patent, No. 13,876 (original No. 1,097,-803), for a milking machine, was not anticipated, and is not invalid for abandonment of the invention. Claims 11, 12, 16, and 17 also *held* within the scope of the invention and infringed.

2. PATENTS ⬤⇒174—VALIDITY OF CLAIMS—SCOPE OF INVENTION.

The rule that a claim which is broader than the described invention is void is not applicable in its full form, where the patent is for an improvement on the device of an earlier patent to the same patentee, which broadly describes the invention.

In Equity. Suit by Arthur V. Hinman and others against the Starch Bros. Company. On final hearing. Decree for complainants.

Bagley & Reed, of Madison, Wis., Howard P. Denison and E. A. Thompson, both of Syracuse, N. Y., and R. H. Woolver, of Oneida, N. Y., for plaintiffs.

Fred Gerlach, of Chicago, Ill., for defendant.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SANBORN, District Judge. Infringement suit on reissue No. 13,-876, Feb. 9, 1915 (original No. 1,097,803, May 26, 1914). The reissue patent was sustained by Judge Ray, of the Northern district of New York, in Hinman v. Visible Milker Co. (D. C.) 231 Fed. 174, affirmed 239 Fed. 896, 153 C. C. A. 24, in which a device similar in some respects to that of defendant here was held an infringement. Judge Geiger, of the Eastern district of Wisconsin, has also issued an injunction upon a device made by defendant here, similar to the one in suit.

[1] The patent in suit is an improvement on the Hinman patent, No. 907,236, of which 2,000 were sold from 1908 to 1912. This was replaced by the type of the reissue, of which 25,000 have been sold since 1912. The suction chamber in question is fully described by Judge Ray in the first case cited, and it is not necessary to repeat the description here. The validity of the reissue as a whole is clear, as was held by the New York cases.

I do not think that plaintiffs abandoned any part of their real invention, either in their original or reissue application, and that therefore Melber v. School District, 243 Fed. 196, is inapplicable. I find from the evidence that the Hinman invention was reduced to practice September 5, 1907, long before the Peik & Lehman patent, No. 995,804, dated June 20, 1911. The latter, therefore, is not available as an anticipation of any part of the Hinman invention. Plaintiffs did not actually abandon the discovery reduced to practice September 5, 1907, when Exhibit 28 was shown to the witness Stringer, and the same is not to be held an abandoned experiment.

This leaves the question of infringement, involving also the validity of the particular claims sued on. Defendant manufactures a milk chamber having some of the features of the Hinman reissue, and which is also somewhat different from the visible milker device before Judge Ray. The four claims in suit contain the following elements only: (1) A milk chamber having a valveless inlet; (2) an air exhaust connection; (3) an air-tight exit for the removal of milk from the chamber, closed by gravity and by the vacuum, and which is supported by means outside the chamber. All these elements are found in defendant's two forms of milk chamber put in evidence by plaintiff as Exhibits 3 and 8. The milk inlet of Exhibit 8 has a valve, it is true; but a hole is bored through the valve, so the effect is substantially the same as if the inlet was open, as in Exhibit 3. Infringement is therefore clear, if the four claims in suit, being 11, 12, 16, and 17, are within the scope of the invention, and are valid claims.

The question was raised on the trial whether claims in suit were not so broad as to be unauthorized by the specification, as well as by the prior art, and the Peik & Lehman patent was particularly relied on by defendant. But, as plaintiff has clearly shown the date of invention to be prior to Peik & Lehman, that disclosure is not material. Aside from Peik & Lehman, there is only one other earlier patent whose exit valve is hung outside the milk chamber, and that is Colvin, No. 28,351; but this has valved milk inlets, so the disclosure may be disregarded. No prior art, therefore, interferes with the validity of the four claims in suit.

[2] Regarding the scope of the Hinman invention, the question is whether the four claims in question are warranted by the true purpose and spirit of the invention. "Any claim which is broader than the described invention is void." State Bank of Chicago v. Hillman, 180 Fed. 732, 104 C. C. A. 98. The same rule was applied in Burroughs Adding Machine Co. v. Felt & Tarrant Mfg. Co., 243 Fed. 869, —— C. C. A. ——. As the Hinman patent is for improvements on their earlier invention, No. 907,236, of 1908, the rule of these decisions is not so pertinent as it would be in respect to the original one, although the Felt patent in the Burroughs Case was for an improvement. In the first Hinman patent the statement of the object of the invention is quite general, admitting of a great latitude of claims, so long as the type of a milk chamber device was not departed from. In the improvement specification the following objects are stated:

"This invention relates to improvements in vacuum cow-milking machines of the valved milk chamber type; its object being to improve and simplify their construction and to provide an exceedingly simple, readily operated, easily cleaned, noiseless, and highly efficient apparatus of that class for milking one cow, or a number of cows simultaneously. At present in machines of this type there is no way of automatically controlling the vacuum, so that with each pulsation of the piston of the air pump the entire contents of the milk chamber are emptied; and there is no way to prevent the milk from entering at some point the center of the milk chamber during the milking stroke of the pump, and no way of preventing a portion of the milk being drawn from the milk chamber into the flexible tube connected with the pump, and even into the pump itself. Our invention is mainly designed to overcome these defects, by providing an improved and simpler apparatus and accessories."

It will be seen from the quotation that the objects of the improvement are varied, and that the claims in question, while they do not cover the tangential and two-part features, are still addressed to improving the device along the lines stated in the description, so that the rule of the decisions referred to is not clearly applicable. The presumption is that the claims are valid, and is not so clearly overcome as to make the rule applicable.

A decree should be entered for complainants, finding infringement in making and selling Exhibits 3 and 8, and equivalent devices, and for an injunction and accounting, with costs.