WEBER ELECTRIC CO. v. CUTLER-HAMMER MFG. CO.

(Circuit Court of Appeals, Second Circuit. January 22, 1919.)

No. 137.

1. PATENTS ⬬327—ACTIONS—JUDGMENT—EFFECT.
    While it is true that each succeeding defendant encountered by the owner of a patent is not estopped by previous litigation from advancing defenses often overruled, defenses contrary to fundamental findings long adhered to do not merit discussion.

2. PATENTS ⬬301(2)—INFRINGEMENT—ESTOPPEL.
    In a suit for infringement of the Weber patents, No. 743,206 and No. 916,812, relating to sockets for electric lamps, held, that plaintiff was not estopped from asserting infringement, on the ground that one in whose patent defendant had an interest was the commercial pioneer, and was allowed to build up a large trade in such fixtures without objection.

⬬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. ESTOPPEL ⊕⇒58—EQUITABLE ESTOPPEL.
   Logically there can be no equitable estoppel, unless the party against whom it is asserted is seeking to do something injurious to the party setting up the estoppel.

4. PATENTS ⊕⇒328—VALIDITY—INFRINGEMENT.
   The Weber patents, No. 743,206 and No. 916,812, for electric lamp sockets, *held* infringed by defendant's device, made in conformity with the Klein patent, No. 1,146,885.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Weber Electric Company against the Cutler-Hammer Manufacturing Company. From an order granting plaintiff an injunction pendente lite, defendant appeals. Affirmed.

The order granted an injunction pendente lite, in action on patents to Weber, No. 743,206, claims 1 to 4, inclusive, and No. 916,812, claim 1.

W. Clyde Jones and Arthur B. Seibold, both of Chicago, Ill. (E. B. H. Tower, Jr., of Milwaukee, Wis., and Everett N. Curtis, of Boston, Mass., of counsel), for appellant.

Frederick P. Fish, of Boston, Mass., and Frank C. Curtis, of Troy, N. Y., for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. Each of these patents, and all the claims in suit (and some others), have been considered in this court, as well as other jurisdictions.

For the language of the claims, reference may be had to Weber, etc., Co. v. National, etc., Co. (D. C.) 204 Fed. 79, which decision we affirmed in 212 Fed. 948, 129 C. C. A. 468. The Third Circuit arrived at the same conclusion in Weber, etc., Co. v. Union, etc., Co. (D. C.) 226 Fed. 482, and also in a decision by Davis, J., affecting No. 743,206 only, filed November 6, 1918, in the District of New Jersey. Weber Electric Co. v. E. H. Freeman Electric Co., 253 Fed. 657. In the First Circuit, Dodge, J., also expressed opinion on the same patent in Weber, etc., Co. v. Wirt, etc., Co. (D. C.) 226 Fed. 481.

The substance of No. 743,206 is well stated by Rellstab, J., in (D. C.) 226 Fed. 485. This elder patent is the principal invention, and the relation to it of the improvement (916,812), is amply shown by Ray, J., in 204 Fed. 83.

These patents have thus for years, and until the term of the older grant is nearly spent, succeeded in the courts, and in the business world. They have become and are the foundation of a large business, in no small part based upon the above-recited judicial recognition, the propriety of which is now challenged by a new defendant, who makes and sells what is asserted to be no infringement, even should the scope and interpretation heretofore so widely given to Weber's patents be still adhered to.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] While it is true that each succeeding defendant encountered by the owner of a patent is not estopped by previous litigations from advancing defenses often overruled, there are some matters which even in patent suits must finally cease to merit discussion. We have examined this record without discovering any new matter, substantial and persuasive, and inducing us to depart from the considered decisions above recited.

[2, 3] We therefore adhere to the following fundamental findings, viz. that by January 1, 1898, Weber had embodied the invention described and claimed in his earlier patent, which invention is a positive lock for the engagement of the sleeve and cap of lamp sockets, as distinguished from any and every variety of friction device.

It is asserted that certain prior art in the form of patents is now for the first time brought to the attention of this court—at all events. We have examined it, and the oft-repeated remark that one good reference is worth any number of poor ones is applicable to it all. The nearest and best references have been considered in some or all of the reported cases.

There is now presented certain new or additional evidence, all related to the Kenney patented device—for the same purpose as Weber's—and its commercial introduction or development. The present defendant owns an interest in the Kenney patent, and now advances the doctrine that, even if Kenney did not invent his socket before Weber did his, Kenney was the "commercial pioneer," and introduced his apparatus with such success, while Weber in the interval between 1898 and about 1902 was doing nothing, that this defendant can offer an "equitable estoppel" to Weber's proceeding against the present alleged infringement.

The contention lacks merit, either on the facts or in logic. Kenney seems never to have made any sockets; under his patent the Yost Company made and distributed as samples about 1,000; thereafter the style was changed and sales made, until about 1910, when further changes invited suit by Weber, whereupon yet another change was made, and the result is still on the market. It is said without contradiction that in about 16 years some 20,000,000 Yost-Kenney appliances have been sold. How many of them were of the sort that invited action by Weber we are not informed; the form presently offered is not an infringement of the patents in suit, and 20,000,000 sockets in 16 years is very far from entitling the vendor to plume himself on commercial success.

Logically there can be no equitable estoppel, unless the party against whom it is asserted is seeking to do something injurious to defendant; and in a patent case like this the argument assumes that Weber is seeking to enjoin one who is only doing what Kenney either taught or practiced. This is not true, for the reasons first above summarized, and the fact that it is possible by the exercise of violence, or without serious effort, if old and worn sockets are used, to relatively rotate the sleeve and cap of Weber's earlier sockets, is immaterial. If defendant wishes to use Kenney's frictional lock, it is

256 F.—3

entirely at liberty to do so; hence we fail to perceive how or why anything done or omitted under the Kenney patents affects rights under those of Weber.

[4] Assuming now validity and scope as heretofore decided, the question of infringement (viewed most favorably to defendant) is whether something made in conformity with Klein, No. 1,146,885, must pay tribute to Weber. As not infrequently occurs, the question is complicated by the possibility of making sockets of such varying fit of parts or strength of metal that they do not all work alike. We agree with A. N. Hand, J., in the court below, that some of defendant's sockets are so made as to engage sleeve and cap with and by a simple longitudinal thrust, others require a rocking movement and invite the use of the tool suggested in Klein's disclosure, but none of them, when made as suggested and unworn, will or can lock by the frictional engagement of Kenney.

If they engage by a straight thrust, infringement is too clear for discussion; if they fit only under force, it is but a question of degree whether thumb pressure suffices, or hand power is increased by the use of Klein's lever; it is hand power just the same. The vital point is that Weber's way is to engage by a straight thrust, and release by pressure on the sleeve at a point under an engaging projection. Defendant always effects both processes in substantially the same way, because, under the range of equivalents always hitherto accorded these patents, it makes no difference that sometimes defendant's cap has to be rocked on, and disengaged with more power than resides in most thumbs.

Order affirmed, with costs.