IMPERIAL MACHINE & FOUNDRY CORPORATION v. G. S. BLAKESLEE & CO.

(Circuit Court of Appeals, Second Circuit. December 10, 1919.)

No. 119.

1. PATENTS ☞328—PATENT FOR VEGETABLE PEELING MACHINE NOT ANTICIPATED.

The Robinson patent, No. 809,582, for a vegetable peeling machine, *held* not anticipated, and to cover a pioneer invention; also infringed by a machine operating on the same principle, although the abrading surface of the rotary disk is of different material.

2. PATENTS ☞297(2)—PRELIMINARY INJUNCTION AGAINST INFRINGEMENT PROPER WHERE CASE IS CLEAR.

While an application for preliminary injunction in a suit for infringement is addressed to the discretion of the court, where the validity of the patent has been sustained by many prior adjudications and infringement is clear, its refusal would be error.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Imperial Machine & Foundry Corporation against G. S. Blakeslee & Co. From an order granting a preliminary injunction, defendant appeals. Affirmed.

A. H. Adams and J. L. Jackson, both of Chicago, Ill., and J. J. Kennedy, of New York City, for appellant.

A. Alexander Thomas, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The appellee sued for an infringement of claims 1, 2, 3, and 4 of the Robinson patent, No. 809,582, for improvements on machines for peeling vegetables. A preliminary injunction was granted and the appellant appeals.

The patent has been held valid and infringed in previous litigations. Imperial Machine Co. v. Jacobus (D. C.) 212 Fed. 958 (Judge Lacombe granted a preliminary injunction); Imperial Machine Co. v. Streeter

& Co. (D. C.) 214 Fed. 985 (Judge Hazel); Imperial Machine Co. v. Smith & McNell (Judge Hough), filed February, 1914; Imperial Machine Co. v. Reinhold Mfg. Co. (Judge Tuttle), filed July, 1919; Imperial Machine Co. v. American Fruit Machinery Co. (D. C.) 212 Fed. 959, note (Judge McPherson); Imperial Machine Co. v. Whyte (Judge Learned Hand), filed December, 1918; Imperial Machine Co. v. Rees et al. (D. C.) 261 Fed. 612 (Judge Mayer), filed November, 1919.

[1] However, since the validity of this patent is presented to this court for the first time, we have examined the patent and are of the opinion that it is valid. It discloses a practical machine for peeling vegetables in a deep mass. Indeed, we think it is a pioneer patent. The claims in suit are as follows:

"1. In a device of the class described, an impelling and abrading member comprising a rotary disk composed of a horizontal flat striated portion and a raised portion extending from near the circumference inward and having two sides sloping down to the flat striated portion of said disk, substantially as described.

"2. In a device of the class described, an impelling and abrading member comprising a rotary disk composed of a number of horizontal flat striated portions separated by raised portions at intervals extending from near the circumference inward, substantially as described.

"3. In a device of the class described, an impelling and abrading member comprising a rotary disk composed of a horizontal flat striated portion and a rounded raised portion rising gradually from near the center toward the circumference, substantially as described.

"4. In a device of the class described, an impelling and abrading member comprising a rotary disk composed of a horizontal flat striated portion, and a rounded raised portion bounded by two approximately radial edges extending from near the circumference inward and having a striated surface, substantially as described."

The machine of this patent consists of a cylinder, at the bottom of which is mounted a rotary disk having an abrading surface providing for one or more rounded humps or raised portions which slope down from the circumference of the disk toward the main portion thereof. The function or purpose of the mounted or sloping humps is to produce agitation or circulation of the mass of vegetables whereby all of the vegetables are brought into contact with the abrading disk. If it were not for the sloping humps or raised portions, the vegetables in contact with the disk would be ground away and would not have any means of agitation and circulation of the mass. The specifications point this out. They point out that, where the flat disk is used alone, there is a tendency to set up a rotary motion of the mass, wherein each individual soon settles down to a substantially fixed position in the moving mass. This would result in a wear on certain parts of each vegetable and retard the sufficient action on other parts. This hump-shaped portion, with its abrading surface, forces the mass forward; and this, together with the movement of the disk, faster than the mass is treated, make the raised parts act to turn over the vegetables next to the bottom, so as to bring different portions of each separate individual of the mass into contact with the different abrading surfaces. It is in this it may be said to be a pioneer invention.

The inventor, in an affidavit, points this out and deposes that for more than 13 years the Robinson construction has been successful, and that until this construction there was no successful vegetable peeling machine on the market; and he declares that no machine is successful without an abrading disk having raised portions. The appellant so constructs its machine as to have a disk with humps or raised portions with an abrading surface.

A controversy is presented as to what is meant by a striated disk within the meaning of the claims. The appellee's disk has a carborundum surface, and the appellant's disk an abrading surface of cement or concrete. This is said to be such a difference in construction as to negative the claim that the appellant infringes. The specification of the patent states that the abrading surface may be made of a variety of material such as cast iron, glass, earthenware, and the inventor says that he "is not limited to any specific arrangement of the striations, and that a variety of methods of striation will be within the spirit of this invention."

In order to obtain efficient rubbing points or ridges, there is no need for any geometrical or symmetrical arrangement, nor is it needed to successfully do the work of peeling. It is plain that exactly the same purpose is accomplished in precisely the same way, if the points or ridges be set irregularly. This is true in the disk of both the appellee and appellant. A surface of carborundum or concrete is a striated surface.

Funk & Wagnalls' New Standard Dictionary defines the noun "stria" --curved, crooked, and intermittant gouges, of irregular depth and width and rough definition, of a certain rock surface, sometimes due to abrasions by icebergs. It would therefore seem that the appellant's abrading service comes within the appellee's claims. The appellant's disk, with its abrading surface, has a pair of rounded humps or raised portions so arranged as to be diametrically opposite and sloping downward from the circumference of the disk to the flat abrading surface.

We are of the opinion that the appellant's rotary disk has an impelling and abrading member in a vegetable peeling machine, which member is composed of a flat horizontal raised portion, and a raised portion extending from near the circumference inward and having two sides sloping down to the flat striated portion of the disk, thus coming within the reading of claim 1.

The appellant's disk is composed of a number of horizontally flat striated portions, separated by raised portions at intervals extending from the circumference inward. The appellant's disk, as thus striated, comes within the phrase of claim 2. The appellant's has an impelling and abrading disk composed of the horizontally flat striated or abrading portion, and has a rounded raised portion rising gradually from near the center toward the circumference, and is the kind of construction referred to in claim three. Appellant's disk has a rounded raised portion, bounded by two approximately radial edges extending from near the circumference inward and having a striated surface, thus coming within the description of claim 4.

The defense that "striated" does not mean a concrete abrading surface is not well founded. This disk, as constructed, has an abrading, impelling, and turning function. It permits of dealing successfully with a deep mass of vegetables. In other machines, but shallow layers could be dealt with. The result obtained here does not grind or bruise the vegetables, but confines its action to removing the thin outer layer of skin, and leaves the surface of the vegetable comparatively smooth, instead of pitted or hacked. Such advantages have not before been found in machines of this type, and this invention marks an advance in the art. In other words, the feature of the invention here is in the abrading surface having rounded humps or raised portions to produce the necessary agitation and circulation of the vegetables, without which a machine of this character has been found not practical.

Such a result having been obtained, we are of the opinion that the inventor is entitled to a reasonable range of equivalents, and it would be well within such range to coat the disk with carborundum. When such a coating is accomplished, striations are formed, although the lines are broken and irregular. The variety of methods and striations would permit of such construction. National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 106 Fed. 693, 45 C. C. A. 544; Cimiotti Unhairing Co. v. American Unhairing Co., 115 Fed. 498, 53 C. C. A. 230; Hinman v. Visible Milker Co., 239 Fed. 896, 153 C. C. A. 24.

Nor do we find in the prior art any patent which anticipates the patent in suit.

In the Buist & Schmidt patent, No. 551,526, the patentees depend upon upright wings or partitions for agitation of the mass; but it is not the same kind of agitation produced by the humps of the patent in suit. The corrugations and abutting wings, and the other hard points in the inside of the machine, are intended to scrape the skin off the vegetables. There is no kind of agitation which causes the vegetables to circulate to change position, and thus afford different sides to the paring or abrasive surface.

In the Jaeger patent No. 524,420, the inventor depends upon spring rasps fastened to radial boards and arranged in concentric circles. It may be that the inventor's disk of rasps would impart a rolling or turning movement to the vegetables; but there is nothing to cause the necessary circulation of the mass. The rolling or turning of the vegetables is not enough; there must be circulation of the vegetables, and this, so that, as each layer is peeled, the next layer is brought against the disk and the performance continued, until finally the entire mass has circulated from top to bottom. The construction of the patent in suit accomplishes this, but the Jaeger patent does not do so.

For the same reason the French patent to Harff, No. 234,435, cannot be said to anticipate the patent in suit.

In the patent to Kiepenheuer, No. 74,399, there is disclosed no abrading disk but a contrivance of knives. A knife arrangement of this kind is expressly disclaimed in the patent in suit. It may be that it would simply cut and hack the vegetables to pieces, as claimed by the appellee. It has never been in successful operation.

We think, further, that this German patent to Kiepenheuer was intended to peel but a single layer of vegetables, as distinguished from the deep mass of vegetables. The knife blades shown in Fig. 12 in the patent are arranged and shaped differently from the sloping humps of both the appellee's and appellant's structure. The blocks extend in a circumferential direction along the edge of the disk, and slope downwardly toward and along the periphery of the disk, forming a circumferential pocket between the central and highest point of the blocks and the stationary wall. The humps of the disk of the appellee and appellant extend radially in with, and slope from, the circumference toward the center; the two sides also sloping toward the main portion of the disk. We do not think that this patent anticipated the patent in suit.

It is very significant that the appellant has copied the appellee's disk, rather than make use of the patents referred to, and which are said to constitute the art prior to the date of the patent in suit. If the appellant thinks that any of the devices or improvements or combinations are protected by any of these patents of the prior art, they may still use them, notwithstanding this patent, so that the enforcement and restraint of the injunction granted herein cannot injure them. On the other hand, the failure to enforce the injunction would deprive appellee of the benefits secured to it by this patent. Minn. Ry. Co. v. Barnett & Record Co., 257 Fed. 302, —— C. C. A. ——.

[2] Since the validity of the patent was sustained by many prior adjudications, it was proper for the District Judge to grant the preliminary injunction. Edison Electric Light Co. v. Beacon Vacuum etc., Co. (C. C.) 54 Fed. 678. And while it is true that the application for a preliminary injunction was addressed to the discretion of the court, still the patent was frequently sustained, and there was undoubted authority, since the infringement appeared clear. To refuse to exercise that discretion to the detriment of the patentee would have been error. Searchlight Horn Co. v. Sherman Clay & Co., 214 Fed. 99, 130 C. C. A. 575; Weber Electric Co. v. Cutler-Hammer Mfg. Co., 256 Fed. 31, —— C. C. A. ——.

We think the order below was properly granted, and it will be affirmed.