## ROUSSO v. BARBER et al.

(Circuit Court of Appeals, Third Circuit. November 3, 1921. Rehearing Denied November 22. 1921.)

No. 2741.

1. Patents ⬦303—Discretion in ruling on application for preliminary injunction is judicial.

The sound discretion which the law requires of a judge in granting or refusing an application for preliminary injunction in a suit for infringement of a patent is not a mere personal whim, but is a judicial discretion, based on some valid matter.

2. Patents ⬦298, 301(6)—Relative injury and obvious infringement considered in temporary injunction ruling.

In ruling on an application for preliminary injunction to restrain infringement of the patent, the judge may consider whether injustice might be inflicted on defendant greater than the benefit that might accrue to complainant, whether the injury to complainant by refusal of the injunction is one which a subsequent decree might not repair, and whether the infringement is an obvious one.

3. Patents ⬦303—Refusal of temporary injunction held not abuse of discretion.

The refusal of a temporary injunction to restrain the infringement of a patent was not an abuse of discretion, though the validity of the patent had been sustained in prior adjudications, where the manufacturer of the alleged infringing device had ceased to manufacture, and the user was able to respond in damages for the infringement by the use, and where it appeared that the alleged infringing article was manufactured under a patent not considered in the adjudications of plaintiff's patent, and which was pending in the Patent Office at the same time of defendant's application, so that the presumption is there was patentable difference between the articles.

4. Patents ⬦303—Judge need not decide issue between patents on application for preliminary injunction.

The trial judge is not bound, on the application on preliminary injunction to restrain infringement of a patent by an article manufactured under another patent, to decide the issue between the contesting patents.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit for infringement of patent by Jacques Rousso against Reuben E. Barber and another. From an order denying a motion for preliminary injunction, complainant appeals. Affirmed.

Joshua R. H. Potts, of Chicago, Ill. (George H. Rankin, of Pittsburgh, Pa., and Brayton G. Richards, of Chicago, Ill., of counsel), for appellant.

Henry Oliver Evans, of Pittsburgh, Pa., and Moseley Arthur·Keller, of New York City, for appellees.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. This appeal is from an order of the District Court denying a motion for preliminary injunction in a patent case. The suit is based on Letters Patent No. 1,157,046 to Rousso for a towel cabinet. The error charged to the trial court was its refusal to be controlled in the exercise of its discretion by prior adjudications sustaining the validity of the patent and by what is claimed to be palpable infringement. Philadelphia Trust Co. v. Edison E. L. Co., 65 Fed. 551, 13 C. C. A. 40; Elite Pottery Co. v. Dececo Co., 150 Fed. 581, 80 C. C. A. 567; Sherman-Clay & Co. v. Searchlight Horn Co., 214 Fed. 99, 130 C. C. A. 575.

[1, 2] Obviously, the "sound discretion" which the law requires of a judge in granting or refusing an application for a preliminary injunction in an infringement suit is not a mere personal whim, but is a judicial discretion based on some valid matter moving the court to its judgment. One of the matters to which the judge's mind is almost always directed is whether, in granting an injunction, an injustice might be inflicted upon the defendant greater than any benefit that might accrue to the complainant. Winchester Repeating Arms Co. v. Olmsted, 203 Fed. 493, 494, 121 C. C. A. 615. Another matter is whether in refusing an injunction, the injury which the complainant might sustain is one which a subsequent decree might not repair. Pullman v. Railway (C. C.) 5 Fed. 72, 73. Still another is the fact of obvious infringement, made more controlling when the infringement is of a patent which has been sustained by prior adjudications. But in this case it appears that the learned trial judge in denying the injunction did not yield to a mere personal notion nor lightly regarded the interests of the parties, but on the contrary based his action on several valid considerations: First, the lack of evidence showing irreparable injury to the complainant if an injunction were denied; and second, the presence of evidence showing some injury to one of the defendants if an injunction were granted.

[3, 4] Barber made the alleged infringing towel cabinets and Edith Oliver Rea placed them in the lavatories of her office building for public use. Barber had made only about sixty of the cabinets and had ceased manufacturing them several years ago. New York Grape Sugar Co. v. American Grape Sugar Co. (C. C.) 10 Fed. 837. Edith Oliver Rea is financially responsible for any damages resulting from her infringement as an user. However this may be, the pertinent matter by which the learned trial judge was evidently controlled in the exercise of his discretion is the fact that the alleged infringing towel cabinets were made under a patent to Barber; that the complainant's patent, though several times held valid, has not been adjudicated (so far as we are informed by the reported cases) with reference to Barber's invention; that both Rousso's application for a patent and Barber's application were pending in the Patent Office at the same time; that no interference was order between the co-pending applications; that Barber's patent has the Patent Office presumption of patentable difference and

of validity; and that, in consequence, his manufacture of towel cabinets under his patent was not such a palpable infringement as would sway the mind of a judge on an application for preliminary injunction. Brush Electric Co. v. Electric Storage Battery Co. (C. C.) 64 Fed. 775; Bailey Ringing Machine Co. v. Adams, Fed. Cas. No. 752. As the trial judge was not bound, at this stage of the case, to decide the issue between the contesting patents, we cannot say that he abused his discretion.

The decree below is affirmed.