## NATIONAL CASH REGISTER CO. v. REMINGTON ARMS CO., Inc.

(Circuit Court of Appeals, Third Circuit. February 1, 1923.)

No. 2927.

1. Patents ⬤⟳295, 324(5)—Preliminary injunction against infringement of unadjudicated patent not granted without strong showing.

In ordinary course, to invoke the protection of a preliminary injunction against infringement, validity of the patent and infringement must convincingly appear, and, where the patent is new and unadjudicated, trial courts will be slow to grant an injunction, and appellate courts even slower in reversing an order of a trial court refusing an injunction.

2. Patents ⬤⟳295—Estoppel as ground for preliminary injunction.

To authorize a court to award a preliminary injunction on the ground that defendant is estopped to deny the validity of the patent, there must

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be more than ordinary certainty of both facts and law calling forth its action, and the court may properly refuse to determine the issues at a preliminary hearing on affidavits.

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Suit in equity by the National Cash Register Company against the Remington Arms Company, Incorporated. From an order denying a preliminary injunction, complainant appeals. Affirmed.

For opinion below, see 283 Fed. 196.

Melville Church, of Washington, D. C., and William G. Mahaffy, of Wilmington, Del., for appellant.

Drury W. Cooper and George Ramsey, both of New York City, and William S. Hilles, of Wilmington, Del., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and GIBSON, District Judge.

WOOLLEY, Circuit Judge. The complainant has appealed from an order of the District Court denying a motion for a preliminary injunction in an infringement suit. Letters Patent No. 1,394,256 for a cash register. The motion was not based on any one of the customary grounds, such as irreparable injury, inability of the defendant to respond in damages, or probable injury that might not be repaired by subsequent decree. Pullman v. Railway (C. C.) 5 Fed. 72, 73; Standard Elevator Co. v. Crane Elevator Co., 56 Fed. 718, 6 C. C. A. 100. Nor was the motion otherwise addressed to the discretion of the court. Rousso v. Barber (C. C. A.) 276 Fed. 552. It was based, first, on an allegation of fact that Fuller, the patentee, had assigned the patent in suit to the complainant, and second, on the assertion that in law Fuller is estopped from denying the validity of the patent and that his estoppel extends equally to the Remington Arms Company, his employer or co-worker and therefore joint tort feasor, in the development of the alleged infringing mechanism. Piano Motors Corp. v. Motor Player Corp. (C. C. A.) 282 Fed. 435. In other words, the complainant, by its motion for a preliminary injunction, asked for the enforcement of what it regards as an absolute right vested in itself. In order to prevail it must, of course, establish that right conclusively.

[1, 2] The principle controlling the award of a preliminary injunction in patent litigation is well settled. Where the patent may be adjudged valid and the defendant an infringer an award of an injunction is purely a matter of discretion, and courts are constantly in the habit of withholding it upon such terms, as the giving of a bond and the like, as may seem just and equitable, having regard to the comparative injury that will result to the parties by granting or withholding it. Consolidated Roller-Mill Co. v. Coombs (C. C. A.) 39 Fed. 803; Rousso v. Barber (C. C. A.) 276 Fed. 552. Where a patent has not been adjudicated and where its validity has not been persuasively established by long acquiescence courts are very careful in granting a preliminary injunction at the outstart of patent litigation. When the right to a preliminary injunction is asserted on a green patent—patent in suit was granted October 18, 1921, and action was brought November 9, 1921—trial courts will be slow in granting an injunction and appellate courts

will be even slower in reversing an order of a trial court refusing an injunction. In ordinary course, to invoke the protection of preliminary injunction against infringement pending trial, validity of the patent and infringement must convincingly appear. But for a court to award this extraordinary remedy denying a defendant the right to attack the validity of the patent it is charged with infringing, there must be more than ordinary certainty of both facts and law calling forth its action. Moreover, the grant of an injunction on affidavits, before testimony has been taken and the right of cross-examination has been exercised, is, in effect, an adjudication on the threshold of the trial instead of at the end of the trial. Though not conclusive of course, it is persuasive and has the effect of affording a remedy by anticipation. On the facts of this case such a remedy might readily impose upon the corporate defendant an injustice greater than any benefit that might accrue to the complainant, Winchester Repeating Arms Co. v. Olmsted, 203 Fed. 493, 494, 121 C. C. A. 615, and might inflict upon it an injury which a subsequent decree in its favor might in nowise repair. Pullman v. Railway (C. C.) 5 Fed. 72, 73. Hence this very proper caution on the part of both trial and appellate courts.

As to validity, it is not clear on first view that the subject of the patent involves invention within the patent meaning of that term. Admittedly the art is crowded, and, conceivably the patent, if valid, may after a full hearing be limited in its scope. Smith v. Ridgely, 103 Fed. 875, 876, 43 C. C. A. 365. Here lies a fair doubt and a doubt substantial enough not to be silenced, once and for all, by a preliminary injunction denying a defendant the right to raise and try the major issue of validity, unless such action were made imperative by the defendant's conduct conclusively established. On the ground urged by the complainant in support of its motion for preliminary injunction—that of estoppel of both defendants from attacking the validity of the patent— we concur in the decision of the learned trial judge in refusing to foreclose the trial of this issue; and being in full accord with his reasoning, we adopt his opinion as our own. 283 Fed. 196. Without expressing, or indeed entertaining, any views upon facts which the trial may develop, we are satisfied that on the facts as they stand the corporate defendant is not estopped from challenging the validity of the patent, and that, accordingly, a preliminary injunction was properly denied. As the personal defendant is not in court, either by service of process or appearance, this decision does not affect him.

The order below is affirmed.