## NATIONAL CASH REGISTER CO. v. REMINGTON ARMS CO., Inc.

(Circuit Court of Appeals, Third Circuit. March 27, 1925.)

No. 3144.

1. Patents ⟷328—Werner, 1,161,094, for cash register, claims 21 and 22, held invalid.

The Werner patent, No. 1,161,094, for cash register, and pertaining to the record strip and associated mechanism, claims 21 and 22, *held* too broad and invalid, in view of the prior art and analogous arts.

2. Patents ⟷328—Fuller, 1,394,256, for cash register, held not infringed.

The Fuller patent, No. 1,394,256, for cash register, as limited by the prior art, *held* not infringed.

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Suit in equity by the National Cash Register Company against the Remington Arms Company, Incorporated. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 293 F. 123.

Clarence B. Des Jardins, of Philadelphia, Pa., Melville Church, of Washington, D. C., Edward H. Green, of New York City, and William G. Mahaffy, of Wilmington, Del., for appellant.

George Ramsey, Drury W. Cooper, and Chauncey B. Garver, all of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the National Cash Register Company brought suit against the Remington Arms Company, Incorporated, charging infringement of three patents. On hearing that court, in an opinion reported at 283 F. 196, refused an application for preliminary injunction. On appeal to this court, such refusal was affirmed in an opinion reported at 286 F. 367. Thereafter the court proceeded to final hearing, and in an opinion reported at 293 F. 123, dismissed the bill. Thereupon this appeal was taken. After full consideration, we reach the same conclusion. By reference to the cited opinions, and the exhaustive discussion by the trial judge of the patents sued on, and of those shown in the prior art, we avoid needless repetition, and confine ourselves to a brief summary of the reasons thereto moving us.

The case concerns cash registers, and the issues involved are claims 21 and 22 of patent No. 1,161,094, granted November 22, 1915, to Werner, and claims 87–94, inclusive, of patent No. 1,394,256, granted October 18, 1921, to Fuller. Those patents concern registers where not only the receipt of cash is automatically registered by the machine, but where such cash items are printed on a paper band passing under a writing opening, which makes possible the addition of written memoranda in juxtaposition to the price figures on such strip.

[1] As we have said, the opinion below contains a full discussion of the art when Werner, in 1911, applied for his patent. During all the intervening years, Werner's device has made no impress on the art, and but one machine embodying it has been built. To resurrect this dormant patent, and by two of its many claims blanket an art which has gone on without Werner helpfully entering into it, no doubt led the court below to hold that whatever Werner had disclosed was protected by specific claims not here involved, and that, as stated in its opinion, "Werner's contribution resides in his improved mechanism only, and consequently his claims in suit are too broad, and so invalid." The reasoning on which this conclusion is reached is set forth in detail in the opinion below, and any restatement of it here could only be a studied effort to change language which requires no change.

[2] Fuller's patent came later in the art then Werner's. After a full discussion of what had preceded Fuller, the trial judge held that the defendant's register, which is operatively key-pressed, followed the construction, or was of the type of mechanism, that preceded Fuller, and was not built along the lines of Fuller's disclosure, which was a crank-operated device, and that the latter's claims, in view of their minor position in the art, did not invite or warrant a construction which would cover the defendant's divergent structure.

Fuller's device, as well as Werner's, are registers of the crank-operated type. In such machines the depression of the keys set the type, while the real actuating power comes from a double revolution of a hand crank shaft. In the defendant's machine the depression of a key by a single finger pressure is the sole motive power. In structure and special use the two types of machines are wholly different and seem to follow separate and diverging lines of development in the general register art.

The court in its opinion has fully discussed and established this fact and cited the earlier patents. In support of its view, but without again discussing the patents cited, we add in strong confirmation of that view the expired patents of Carney, Nos. 497,860 and 497,861, for crankless registers, which defendant follows more closely than it does Fuller's.

Finding no error in the decree of the court below, dismissing the plaintiff's bill, it is therefore affirmed.