**CUSTOM COMPUTER SERVICES, INC., Appellant,**

v.

**PAYCHEX PROPERTIES, INC., Appellee.**

No. 03-1148.

United States Court of Appeals, Federal Circuit.

DECIDED: July 22, 2003.

Jill M. Pietrini, Manatt, Phelps & Phillips, LLP, of Los Angeles, CA, argued for appellant. With her on the brief was Andrew Klungness.

James D. Kole, Nixon Peabody LLP, of Rochester, NY, argued for appellee.

---

* As will become apparent, the caption of this appeal is misleading in that The Payroll People, Inc. is the real appellant-in-interest and

Before LOURIE, SCHALL, and PROST, Circuit Judges.

LOURIE, Circuit Judge.

The Payroll People, Inc. appeals from the decision of the Patent and Trademark Office ("PTO") Trademark Trial and Appeal Board dismissing its notice of opposition as having been untimely filed. *Custom Computer Servs., Inc. v. Paychex Props., Inc.,* Opp. No. 151,439 (TTAB Sept. 9, 2002).* Because the Board's findings are not supported by substantial evidence, we reverse.

## BACKGROUND

Paychex Properties, Inc. is the applicant for registration of the mark PAY–AS–YOU–GO for payroll preparation services. Seeking to oppose Paychex's registration, Payroll People, through its attorney, filed two extensions of time to oppose, which were granted. However, Payroll People's attorney mistakenly filed the extensions on behalf of "Custom Computer Services, Inc., formerly known as The Payroll People." The attorney mistakenly thought that her client, Payroll People, had changed its name to "Custom Computer Services, Inc.," when it had not done so. In fact, Custom Computer is a separate entity, is owned by one of the founders of Payroll People, and is also a client of the attorney's law firm. The mistake, according to the attorney, was traceable to an erroneous entry in the law firm's computerized client/matter database.

When Payroll People finally filed a Notice of Opposition within the extended time, its Notice was dismissed as untimely

Custom Computer Services, Inc. has no interest in this case.

because the PTO failed to give Payroll People the benefit of the earlier extensions. Payroll People explained the nature of the mistake and sought correction of the extensions. However, the Board dismissed the opposition. Relying on *Cass Logistics Inc. v. McKesson Corp.,* 27 USPQ2d 1075, 1993 WL 236535 (TTAB 1993), the Board interpreted the term "mistake" in 37 C.F.R. § 2.102(b), the rule that allows for a party misidentified by mistake in an extension request to proceed as the opposing party, to mean "a mistake in the *form* of the potential opposer's name or its entity type ... not ... the recitation of a different existing legal entity that is not in privity with the party that should have been named." *Custom Computer,* slip op. at 4 (emphasis added). The Board then found no privity between The Payroll People, Inc. and Custom Computer Services, Inc., *id.* at 5, and dismissed the opposition.

Payroll People timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B) and 15 U.S.C. § 1071.

## DISCUSSION

■ We give "substantial deference" to the PTO's interpretation of § 2.102(b), which is its own regulation. *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994). Indeed, the PTO's interpretation must be given "controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Id.* (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)).

■ We review the PTO's factual findings for substantial evidence. *On–Line Careline, Inc. v. Am. Online, Inc.,* 229 F.3d 1080, 1085 (Fed.Cir.2000). Substan-

tial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.* (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229–30, 59 S.Ct. 206, 83 L.Ed. 126 (1938)), and "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence," *id.* at 1086 (quoting *Consolo v. Fed. Maritime Comm'n,* 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966)).

■ Payroll People argues that the Board erred in interpreting § 2.102(b) and that the facts in this case support the conclusion that the mistake was one within the meaning of the rule. Paychex Properties responds that the Board's interpretation of § 2.102(b) is reasonable and that the Board correctly applied it to the facts of this case.

The 30–day deadline for filing an opposition to a published trademark registration is set by 15 U.S.C. § 1063(a), a statute that also permits the PTO to extend the deadline "for good cause when requested." 15 U.S.C. § 1063(a) (2000). Pursuant to that statute, the PTO has promulgated 37 C.F.R. § 2.102, which provides that:

(a) Any person who believes that he would be damaged by the registration of a mark on the Principal Register may file a written request to extend the time for filing an opposition....

(b) The written request to extend the time for filing an opposition must identify the potential opposer with reasonable certainty. Any opposition filed during an extension of time should be in the name of the person to whom the extension was granted, but *an opposition may be accepted if the person in whose name the extension was requested was*

*misidentified through mistake or if the opposition is filed in the name of a person in privity with the person who requested and was granted the extension of time.*

37 C.F.R. § 2.102(b) (2002) (emphasis added). The PTO has interpreted the "mistake" provision of that regulation as follows:

> The term "mistake", within the context of the rule, means a mistake in the form of the potential opposer's name or its entity type. The term "mistake" does not encompass the recitation of a different existing legal entity that is not in privity with the party that should have been named.

*Cass Logistics*, 27 USPQ2d at 1077. The Board applied that interpretation in this case. *Custom Computer*, slip op. at 4. We will not disturb the Board's interpretation, for it is a reasonable' one, not "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ.*, 512 U.S. at 512, 114 S.Ct. 2381.

■ However, the Board's application of § 2.102(b), as so interpreted, to the facts of this case is not supported by substantial evidence. The Board found that The Payroll People, Inc. and Custom Computer Services, Inc. were not related by privity. Substantial evidence supports that finding, as Payroll People concedes (although the title of the entity in whose name the extensions were filed did contain both names, and the founder of one of the entities is an owner of the other). However, § 2.102(b) plainly sets forth two disjunctive conditions under which an opposer may claim the benefit of an extension granted to another named entity—privity and misidentification by mistake—and the PTO's interpretation recognizes those conditions as being disjunctive. Importantly, the Board

did not point to any evidence to support its conclusion that there was not a qualifying mistake in this case, other than to observe that Custom Computer Services, Inc. and The Payroll People, Inc. are unrelated entities.

It is clear to us that the evidence supports only one conclusion: that there was a mistake within the meaning of § 2.102(b). It is not the case that the entity named in the extensions is a "different *existing* legal entity." *Cass Logistics*, 27 USPQ2d at 1077 (emphasis added). The PTO's reliance on *Cass Logistics* is thus unsound, as there were two independent existing legal entities involved in that case. Here, there never has been an entity named "Custom Computer Services, Inc., formerly known as The Payroll People." There is an entity presently named "Custom Computer Services, Inc.," but it was never formerly known as "The Payroll People." Instead, we have here a mistake in the *form* of one entity's name, *i.e.*, Payroll People, a mistake consistent with the PTO's definition of a mistake. To be sure, the mistake that occurred here was an incorrect belief that a corporate name had changed. However, that was a mistake as to the *form* of the correct entity, not an attempt to substitute one entity in the place of a different existing legal entity. Accordingly, all evidence unambiguously supports the finding that the mistake in this case was one within the meaning of § 2.102(b), and the decision of the Board was therefore lacking in substantial evidence.

## CONCLUSION

Because the Board's decision was not supported by substantial evidence, we *REVERSE*.