THIS DECISION IS A
PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

coggins

Mailed: August 10, 2015

Opposition No. 91214792

Warren Distribution, Inc.

v.

Royal Purple, LLC

**Before Kuhlke, Bergsman, and Greenbaum,**
**Administrative Trademark Judges**

**By the Board:**

Now before the Board is Royal Purple, LLC's ("Applicant") motion to dismiss the Notice of Opposition for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and Trademark Rule 2.102(b), 37 CFR § 2.102(b). The motion is fully briefed.

Background

Subject application Serial No. 85973222 was published for opposition on December 3, 2013. On December 31, 2013, Jennifer Wehrman ("Wehrman") filed a thirty-day Request for an Extension of Time to Oppose the subject application in her own name and identified herself as "an individual citizen of [the] United States". The request was granted, allowing Wehrman until February 1, 2014, in which to file either an opposition or a request for further

extension. *See* Trademark Act § 13(a), 15 U.S.C. § 1063(a); Trademark Rule 2.102, 37 CFR § 2.102. On January 31, 2014, within the extension period granted to Wehrman, Warren Distribution, Inc. ("WDI") filed a Notice of Opposition identifying WDI — not Wehrman — as the opposer and claiming the benefit of the extension of time granted to Wehrman. The opposition was instituted five days later and assigned Opposition No. 91214792.

Motion to Dismiss

By way of the motion, Applicant argues that WDI is not the same entity to whom the extension of time to oppose was granted. In response, WDI argues that it is in privity with Wehrman, and that Wehrman was misidentified through mistake in the Request for an Extension of Time to Oppose.

Trademark Rule 2.102(b) provides that:

A written request to extend the time for filing an opposition must identify the potential opposer with reasonable certainty. Any opposition filed during an extension of time should be in the name of the person to whom the extension was granted. An opposition may be accepted if the person in whose name the extension was requested was misidentified through mistake or if the opposition is filed in the name of a person in privity with the person who requested and was granted the extension of time.

In view of this rule, an opposition filed by a party other than the one to whom an extension of time to oppose was granted will not be rejected on that basis if it is shown to the satisfaction of the Board that either (1) the other party is in privity with the party granted the extension, or (2) the party in whose name the extension was requested was misidentified through mistake. *See Custom Computer Servs., Inc. v. Paychex Props., Inc.*, 337 F.3d 1334, 67

USPQ2d 1638, 1640 (Fed. Cir. 2003) ("[Trademark Rule] 2.102(b) plainly sets forth two disjunctive conditions under which an opposer may claim the benefit of an extension granted to another named entity — privity and misidentification by mistake — and the PTO's interpretation recognizes those conditions as being disjunctive."). *See also* TBMP §§ 206.01 and 303.05(c) (2015).

*Privity*

"What constitutes 'privity' varies, depending on the purpose for which privity is asserted." *Shamrock Techs. Inc. v. Med. Sterilization Inc.*, 903 F.2d 789, 14 USPQ2d 1728, 1732 (Fed. Cir. 1990). In trademarks, the concept of privity generally includes, *inter alia*, the relationship of successive owners of a mark (e.g., assignor and assignee, or survivor of a merger) and the relationship shared by "related companies" within the meaning of Sections 5 and 45 of the Trademark Act, 15 U.S.C. §§ 1055 and 1127. *See Int'l Nutrition Co. v. Horphag Research Ltd.*, 220 F.3d 1325, 55 USPQ2d 1492, 1495 (Fed. Cir. 2000). *See also Renaissance Rialto Inc. v. Boyd*, 107 USPQ2d 1083, 1085 (TTAB 2013).

WDI argues that Wehrman and WDI are in privity because Wehrman was an employee of WDI; Wehrman was authorized to file the extension on behalf of WDI; Wehrman acted on behalf of WDI; Wehrman intended to file the extension on behalf of WDI; and Wehrman identified herself as acting on WDI's behalf by use of her business address, business email address, and

business phone number. In support of its arguments, WDI cites to, *inter alia*, *Davidson v. Instantype, Inc.*, 165 USPQ 269 (TTAB 1970), and *Harrison v. Deere & Co.*, 533 Fed. App'x 644 (7th Cir. 2013). WDI does not argue that Wehrman has any ownership or managerial interest in WDI, or that Wehrman and WDI are successive owners of a mark; instead, WDI argues that privity is established through Wehrman's employment.

It has long been recognized that privity does not exist between a person and a corporation merely because the person is employed by the corporation. *See, e.g.*, *Nat'l Cash Register Co. v. Remington Arms Co.*, 283 F. 196, 202 (D. Del. 1922), *aff'd*, 286 F. 367 (3d Cir. 1923); and *Babcock & Wilcox Co. v. Toledo Boiler Works Co.*, 170 F. 81, 85 (6th Cir. 1909). More recently, the United States Court of Appeals for the Federal Circuit, our primary reviewing court, held that "[m]ere employment is insufficient to establish privity." *Dane Indus., Inc. v. Ameritek Indus., LLC*, 15 Fed. App'x 894, 899 (Fed. Cir. 2005). As Applicant correctly states in its reply brief in support of the motion, WDI's reliance on *Davidson v. Instantype, Inc.* and *Harrison v. Deere & Co.* is misplaced. *See* Brief in Opp., pp. 3-6 (7 TTABVUE 4-7), and Reply, pp. 3-4 (unnumbered) (8 TTABVUE 4-5). While *Davidson* involved the filing of an opposition in the name of an individual rather than in the name of the corporation, the named individual was more than a mere employee — he was also an owner of the corporation. *Harrison*, which was not about intellectual property rights, involved eight managers of a corporation with

interests closely aligned to their corporation, performing an investigation as agents of the corporation, operating within the scope of their employment, and exercising their managerial responsibility to prevent workplace violence and financial liabilities for the corporation. Moreover, the managers' duties were relevant to the underlying cause of action. Unlike the situation in *Davidson*, Wehrman is not an owner of WDI; and unlike in *Harrison*, Wehrman is not alleged to be a manager "so identified in interest with" WDI "that [s]he represents the same legal right."[1] *Harrison*, 533 Fed. App'x at 649 (citing *Jackson v. Callon Publ'g. Inc.*, 826 N.E.2d 413, 428 (Ill. 2005)).

*Mistake*

"Misidentified through mistake," as used in Trademark Rule 2.102(b), means a mistake in the form of the potential opposer's name or its entity type, not the naming of a different existing legal entity that is not in privity with the party that should have been named. *See Custom Computer Servs., supra*, 67 USPQ2d 1638; and *Cass Logistics Inc. v. McKesson Corp.*, 27 USPQ2d 1075 (TTAB 1993).

WDI argues that Wehrman was misidentified through mistake because she had an "innocent misconception" when filing the Request for an

---

[1] Even if Wehrman had been alleged to be a manager of WDI, mere management, like mere employment, would not by itself establish privity; whether privity exists is determined on a case-by-case basis. *Harrison*, 533 Fed. App'x at 649 (citing *Agolf, LLC v. Vill. of Arlington Heights*, 946 N.E.2d 1123, 1132 (Ill. 2011)). *See also, e.g., St. Jude Med. S.C., Inc. v. Cormier*, 745 F.3d 325, 328 (8th Cir. 2014); *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010); *U.S. v. Garan*, 12 F.3d 858, 860 n.2 (9th Cir. 1993). WDI's brief in opposition is curiously silent as to Wehrman's position, title, and scope of employment with WDI; she is identified only as "an employee."

Extension of Time to Oppose; that is, Wehrman intended to file the request on behalf of WDI, but she innocently entered her own name instead of WDI's name. WDI's brief in opposition is conspicuously silent about Wehrman's further identifying herself as "an individual citizen of [the] United States." The statement of Wehrman's status as an individual citizen cannot be overlooked.

As noted above, Trademark Rule 2.102(b) requires that a request for an extension of time to file an opposition "must identify the potential opposer with reasonable certainty." Wehrman's placement of her own name and filing status as an individual on the Request for an Extension of Time to Oppose identified Wehrman with certainty; it cannot be said to have identified WDI with any certainty. In fact, it did not identify WDI at all — there is no reference anywhere to WDI's name or corporate entity, even in the statement of Wehrman's business address. The request clearly identified Wehrman, an individual, who is a different existing legal entity from WDI, a Nebraska corporation. *Cf.* TMEP §§ 803.03(a) (individual identified as an entity in trademark application) and 803.03(c) (corporation identified as entity in trademark application) (July 2015).

This case is unlike *Custom Computer Servs.*, *supra*, in which a party identified as "Custom Computer Services, Inc., formerly known as The Payroll People" filed, and was granted, two requests to extend the time to oppose an application. Thereafter, a party identified as "The Payroll People,

Inc." ("TPPI") filed a Notice of Opposition, but the Board instituted the proceeding naming Custom Computer Services, Inc. ("CCSI") as the opposer.[2] The applicant therein moved to dismiss the opposition for TPPI's failure to file a timely opposition, and TPPI cross-moved to amend the Notice of Opposition to name TPPI as the party plaintiff on the ground of misidentification through mistake. The Board granted the applicant's motion to dismiss and denied TPPI's motion for leave to amend on the basis that TPPI failed to demonstrate the requisite privity with CCSI. On appeal, the Federal Circuit reversed the Board, finding that, while substantial evidence supported a finding of a lack of privity, a mistake was made within the meaning of Trademark Rule 2.102(b). The court reasoned that:

> It is not the case that the entity named in the extensions is a "different *existing* legal entity." *Cass Logistics*, 27 USPQ2d at 1077 (emphasis added). The PTO's reliance on *Cass Logistics* is thus unsound, as there were two independent existing legal entities involved in that case. Here, there never has been an entity named "Custom Computer Services, Inc., formerly known as The Payroll People." There is an entity presently named "Custom Computer Services, Inc.," but it was never formerly known as "The Payroll People." Instead, we have here a mistake in the form of one entity's name, i.e., Payroll People, a mistake consistent with the PTO's definition of a mistake. To be sure, the mistake that occurred here was an incorrect belief that a corporate name had changed. However, that was a mistake as to the form of the correct entity, not an attempt to substitute one entity in the place of a different existing legal entity.

---

[2] Due to an error in the law firm's database, TPPI's attorney mistakenly thought that TPPI had changed its name to CCSI; however, CCSI, which was also a client of the same law firm, was a separate entity owned by one of TPPI's founders. *See Custom Computer Servs.*, 67 USPQ2d at 1639.

The circumstances presented in this case are dissimilar to *Custom Computer Services*. Wehrman and WDI are two independent existing legal entities. Wehrman identified herself by her own name and as "an individual citizen of [the] United States." There was no reference to WDI (or to any other entity) or any mistake in the form of Wehrman's name or entity as listed on the Request for an Extension of Time to Oppose.

*Conclusion*

The December 31, 2013 Request for an Extension of Time to Oppose identifies Wehrman as the potential opposer. WDI has not been shown to be in privity with Wehrman or to have been misidentified through mistake. In view thereof, WDI cannot claim the benefit of the extension of time granted to Wehrman. Moreover, WDI did not file its own request for an extension of time to oppose, or a timely notice of opposition within the original opposition period. Accordingly, Applicant's motion to dismiss is granted. The Notice of Opposition is dismissed without prejudice for lack of subject-matter jurisdiction, and the filing fee will be refunded to WDI in due course.[3]

---

[3] Where a party does not commence an opposition proceeding, its remedy may lie with the filing of a petition for cancellation after the subject application has matured into a registration. *See, e.g.*, TBMP § 306.04 ("Late Opposition").