THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
P.O. Box 1451
**Alexandria, VA 22313-1451**
**General Contact Number: 571-272-8500**

jk

Mailed: February 26, 2018

Cancellation No. 92064649 (parent case)
Cancellation No. 92064681
Cancellation No. 92064687

*Monster Energy Company*

*v.*

*William J. Martin*

**Krisp, Interlocutory Attorney:**

On July 30, 2017, William J. Martin ("Respondent") filed a motion to strike Monster Energy Company's ("Petitioner") notice of expert disclosure and to preclude testimony of the expert identified therein. The motion is fully briefed.

**A. Relevant Background**

In the June 19, 2017 consolidation order, the Board reset the expert disclosure deadline to July 4, 2017. Inasmuch as that date was a Federal holiday in the District of Columbia, any disclosures served pursuant to Trademark Rule 2.120(a)(2)(iii), 37 C.F.R. §2.120(a)(2)(iii), on July 5, 2017 would be considered timely. *See* Trademark Rule 2.196, 37 C.F.R. §2.196. The parties do not dispute that on July 5, 2017, Petitioner's counsel served its expert report of Brian M. Sowers ("expert" or "Sowers").

At issue is the notice of expert disclosures that Petitioner filed with the Board through ESTTA on July 5, 2017.[1] The notice correctly captions these consolidated proceedings and the parties. However, when filing the notice, personnel at Petitioner's counsel's law firm inadvertently entered an incorrect proceeding number, resulting in the notice being filed in an unrelated proceeding file.[2] On July 6, 2017, Petitioner's counsel's personnel called the Board's general contact number and stated that the notice had been filed in the wrong proceeding file. On July 7, 2017, the Board entered the notice in parent Cancellation No. 92064649, and assigned it a filing date of July 5, 2017 - the date on the ESTTA cover sheet that was automatically assigned to the filing under its associated ESTTA Tracking Number.[3]

## B. Respondent's Motion to Strike and to Preclude Testimony

Under the current schedule, discovery was set to close on August 3, 2017.[4]  Four days before the close of discovery, Respondent moved to strike Petitioner's notice of expert disclosure, and to preclude Sowers from testifying at trial, on the basis that the notice was not timely filed. Respondent, acknowledging that "Petitioner mistakenly filed its notice of expert disclosures … in an unrelated proceeding," maintains that because the Board "refiled the document in the correct proceeding on behalf of Petitioner,"[5] and because the Board took such action on July 7, 2017, after

---

[1] 9 TTABVUE.

[2] Petitioner is also the plaintiff in the unrelated proceeding, Opposition No. 91225050.

[3] 9 TTABVUE 1. The ESTTA filing system assigns a unique "ESTTA Tracking Number" to each submission that is successfully filed; this tracking number appears on the ESTTA cover sheet of all submissions. TBMP § 108 (June 2017).

[4] 8 TTABVUE 3.

[5] 10 TTABVUE 2.

the final day on which the notice could be considered timely, the notice was not timely filed by Petitioner in these proceedings. Respondent does not state that Petitioner took *no* action on July 5, 2017, or that he did not receive Petitioner's service copy of the report.

Contesting the motion, Petitioner explains the circumstances of the inadvertent filing of the notice, points out that it immediately contacted the Board to correct the issue, and argues that it timely served the disclosure and Sowers' report. It also states that failure to inform the Board of timely disclosure of an expert is not a ground to exclude testimony, citing the Trademark Trial and Appeal Board Manual of Procedure ("TBMP") § 533.02(b) (June 2017).[6]

Respondent's position is that Petitioner did not timely file notice of its expert disclosure. However, Petitioner is correct that even the failure to inform the Board of the timely disclosure of an expert witness is not a ground to exclude the noticed testimony of such witness. *General Council of the Assemblies of God v. Heritage Music Found.*, 97 USPQ2d 1890, 1893 (TTAB 2011). In view thereof, the motion to preclude Mr. Sowers from testifying based on untimely notice to the Board of the timely disclosure of the expert witness is <u>denied</u>.

We turn to the issues of the timeliness of the notice in view of the Board's entry of that notice into the correct proceeding file, and the scheduling of expert discovery.

---

[6] 12 TTABVUE 5.

Cancellation No. 92064649 (parent case)

## 1. Notice of expert disclosure is timely filed notwithstanding inadvertent filing in unrelated proceeding.

Petitioner's notice of expert disclosure was timely filed on July 5, 2017. The Board has the inherent authority to manage *inter partes* proceedings on its docket, and exercises this authority in a variety of situations. This authority includes the discretion to address and resolve an obvious clerical or typographical error in a filing that conflicts with the clear intent of the filing party at the time the party submitted the filing, and that may be rectified by taking the necessary steps to correct the record, administratively or manually if necessary.

In the context of discovery, the Board has made clear that an "obvious typographical error" should not operate to derail the discovery process, and that it expects parties who become aware of such an error to cooperate so as to avoid unnecessary delay and increased costs. *Cadbury UK Ltd. v. Meenaxi Enter., Inc.*, 115 USPQ2d 1404, 1407 (TTAB 2015) (parties are expected to demonstrate good faith and cooperation during discovery; a party cannot avoid discovery obligations due to an obvious typographical error in discovery requests). *See also, Custom Computer Svs., Inc. v. Paychex Properties, Inc.*, 337 F.3d 1334, 67 USPQ2d 1638 (Fed. Cir. 2003) (primary reviewing court approves of practice allowing correction of mistake by reversing Board's refusal to accept a notice of opposition after misidentification of the name of the entity in the requests for extension of time to oppose).

Here, on July 7, 2017, Petitioner promptly brought to the Board's attention the typographical error that was made when filing the notice of expert disclosure two

days earlier, and with this information the Board entered the notice into the proceeding for which it was correctly captioned.

Under these circumstances, the Board accepts Petitioner's notice of expert disclosure as having been effectively filed for Cancellation No. 92064649, on July 5, 2017. Thus, the notice is timely. Respondent's motion to strike is <u>denied</u>.

**2. Schedule for expert disclosure does not preclude discovery of expert.**

Respondent argues that by the time he was informed of Petitioner's possible reliance on Sowers as a trial witness, through Petitioner's notice of expert disclosure, the date for Respondent to serve discovery regarding Sowers had passed.[7] The argument ostensibly emanates from an interpretation of the interplay of Trademark Rules 2.120(a)(2)(iii) and 2.120(a)(3), 37 C.F.R. §§2.120(a)(2)(iii) and 2.120(a)(3), as amended effective January 14, 2017.[8] The Board sets the expert disclosure deadline to thirty days prior to the close of discovery.[9] Rule 2.120(a)(3), however, requires discovery to be served early enough so that the responding party has its full thirty days to respond. *Estudi Moline Dissey, S.L. v. BioUrn Inc.*, 123 USPQ2d 1268, 1270 (TTAB 2017). Rule 2.120(a)(3) provides:

> Interrogatories, requests for production of documents and things, and requests for admission must be served early enough in the discovery period, as originally set or as may have been reset by the Board, so that responses will be due no later than the close of discovery. *Responses* to interrogatories, requests for production of documents and things and requests for admission *must be served within thirty days from the date of*

---

[7] 10 TTABVUE 3-4.

[8] MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES OF PRACTICE, 81 Fed. Reg. 69950, 69960 (October 7, 2016).

[9] Trademark Rule 2.120(a)(2)(iii) provides for disclosure of expert testimony in the manner and sequence provided in Fed. R. Civ. P. 26(a)(2), unless alternative directions have been provided by the Board.

*service* of such discovery requests. The time to respond may be extended upon stipulation of the parties, or upon motion granted by the Board, or by order of the Board, *but the response may not be due later than the close of discovery*.[10]

The requirement in Trademark Rule 2.120(a)(3) that discovery requests be served early enough in the discovery period so that responses are due no later than the close of discovery does not, and is not intended to, preclude or encumber the opportunity to take discovery of an expert, regardless of whether the party makes an expert disclosure on or after the deadline therefor, provided that the Board is informed of the disclosure and finds it appropriate under the circumstances, so that it can issue an order that allows time for the discovery to occur. The Board's adoption, in 2007, of a disclosure model was intended to provide an orderly administration of the proceeding as it moves toward trial. *General Council of the Assemblies of God v. Heritage Music Found.,* 97 USPQ2d at 1893. To further that goal, Trademark Rule 2.120(a)(2)(iii) provides the Board wide latitude in managing a proceeding following any party's disclosure of plans to use expert testimony, including but not limited to, suspending proceedings to allow for discovery of the expert and for any other party to disclose plans to use a rebuttal expert.[11] TBMP § 401.03.

---

[10] Emphasis added. Effective January 14, 2017, Trademark Rule 2.119(c), 37 C.F.R. §2.119(c) does not make available additional time to respond to discovery requests due to manner of service. TBMP § 403.03.

[11] Respondent also argues that Petitioner should have made its disclosure earlier because the expert report *itself* is dated June 2, 2017 - a month prior to the expert disclosure deadline. 10 TTABVUE 2-4, 37. The point is not well-taken. Trademark Rule 2.120(a)(2)(iii) does not obligate a party to serve its expert disclosure at the time it obtains its expert's report, or when it decides to retain the expert, or by any time prior to the disclosure deadline. The deadline is intended to provide a party the time that is necessary to review, analyze, and prepare whether and how it will use an expert. However, parties should disclose experts as early as practicable.

Assuming the Board resumes proceedings after the period of suspension pursuant to Trademark Rule 2.117(a), 37 C.F.R. §2.117(a) (discussed below), Rule 2.120(a)(2)(iii) provides authority to, as appropriate, suspend proceedings again to allow time for Respondent to conduct discovery of Sowers, and to disclose plans, if any, to use a rebuttal witness. Trademark Rule 2.120(a)(2)(iii); TBMP § 401.03. Accordingly, the Board finds no reason to preclude the expert's testimony on the basis of Rule 2.120(a)(3) in the circumstances present here.

## C. Suspension Pending Civil Action

It is the policy of the Board to suspend proceedings when the parties are involved in a civil action which may be dispositive of or have a bearing on the Board proceeding. Trademark Rule 2.117(a).

Petitioner informed the Board that on August 18, 2017, it filed a complaint against Respondent in the United States District Court for the Central District of California, Civil Action No. 5:17-cv-01677-AB-SHK ("civil action"), asserting various claims relevant to or involving the rights in the marks that are at issue in these proceedings.[12] Although Petitioner did not make of record herein a copy of the complaint filed in the civil action, Respondent, in his reply brief, did not contradict Petitioner's information regarding the civil action.

The Board has reviewed the complaint that Petitioner filed in the civil action, and has determined that the civil action involves issues that may have a bearing on these

---

[12] 12 TTABVUE 3-4.

proceedings. Accordingly, these proceedings are <u>suspended</u> pending final disposition of the civil action.

Within twenty days after the final determination of the civil action, the parties shall so notify the Board in writing so that these proceedings may be called up for appropriate action.[13] Notification to the Board should include a copy of any final order or final judgment that issued in the civil action.

During the suspension period, the parties must notify the Board of any address or email address changes for the parties or their attorneys. In addition, the parties are to promptly inform the Board of any other related cases or proceedings, even if they become aware of them during the suspension period.

---

[13] A proceeding is considered to have been finally determined when an order or ruling that ends litigation has been rendered, and no appeal has been filed, or all appeals filed have been decided and the time for any further review has expired. TBMP § 510.02(b).